WALTER N. LINDEMOOD and CLARA LINDEMOOD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent RAMONA T. GALENO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lindemood v. Commissioner
Docket Nos. 7075-74, 7076-74.
United States Tax Court
T.C. Memo 1975-195; 1975 Tax Ct. Memo LEXIS 178; 34 T.C.M. (CCH) 839; T.C.M. (RIA) 750195; June 19, 1975, Filed Gino P. Cecchi, for the petitioners. Warren Nemiroff, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent filed a motion to dismiss for lack of jurisdiction in each of these two consolidated cases [1] on September 26, 1974. The sole issue for our decision is whether the petition in each of the cases was timely filed. *179 FINDINGS OF FACT Walter N. and Clara Lindemood (the Lindemoods) resided at Denison, Texas, at the time their petition was filed. They filed their joint income tax returns on a calendar year basis for the years 1971 and 1972 with the District Director of Internal Revenue, Austin, Texas. On May 10, 1974, the respondent mailed to the Lindemoods a statutory notice of deficiency in Federal income taxes for the years 1971 and 1972, in the amounts of $1,759.65 and $1,654.85, respectively. The 90-day period within which the Lindemoods could file a timely petition with this Court expired on August 8, 1974, which was not a legal holiday in the District of Columbia. Ramona T. Galeno (Galeno) resided at Millbrae, California, at the time her petition was filed. She filed her 1972 Federal income tax return on a calendar year basis with the District Director of Internal Revenue, Fresno, California. On May 7, 1974, respondent mailed to Galeno a statutory notice of deficiency in Federal income tax for the year 1972 in the amount of $235.78. The 90-day period within which Galeno could file a timely petition with this Court expired on August 5, 1974, which was not a legal holiday in the District *180 of Columbia. Galeno's petition was deposited in the U.S. mails on August 2, 1974, in San Francisco, California. The Lindemoods' petition was deposited in the U.S. mails on August 5, 1974, in San Francisco. The normal delivery time for first-class mail between San Francisco, California and Washington, D.C. is three days. The Lindemoods' petition was received by this Court on August 19, 1974, 101 days after the mailing of the notice of deficiency to them. Galeno's petition was likewise received on August 19, 1974, 104 days after the mailing of the notice of deficiency to her. Both petitions were filed by the Clerk of the Court on August 20, 1974. Each petition was mailed by certified mail. The envelope in which each petition was mailed was stamped by a private postage meter with sufficient postage. The United States Postal Service did not in any way stamp or mark either of the envelopes in which the petitions were mailed or either of the sender's receipts from the certified mailings. Each envelope was addressed as follows: Office of the Clerk United States Tax Court Washington, D.C. 20224 OPINION The timely filing of a petition for redetermination of deficiency is a prerequisite *181 to this Court's exercise of jurisdiction. Earl H. C. Lurkins,49 T.C. 452 (1968). Under section 6213(a), [2] a taxpayer has 90 days from the mailing of the statutory notice of deficiency within which to file his petition with this Court. [3] If the petition is not filed within the 90 days, it is untimely and we have no jurisdiction to redetermine the deficiency. Estate of Frank Everest Moffat,46 T.C. 499 (1966); Earl H. C. Lurkins,supra.
In the instant case, the Lindemoods' and Galeno's petitions were received by this Court on August 19, 1974, and filed in the Clerk's Office on August 20, 1974, well beyond each of the 90-day periods in effect in the two cases before us. However, the petitioners ask us to apply the relief provision of section 7502, which generally provides that the time of mailing a petition to this Court shall be deemed to be the time of its filing. Sec. 7502(a). One of the prerequisites to the applicability *182 of section 7502 is that the envelope containing the petition be properly addressed. Sec. 301.7502-1(c)(1)(i), Income Tax Regs.; Abbott Hoffman, 63 T.C. (March 12, 1975); Earl H. C.Lurkins,supra. Respondent does not argue that section 7502 is inapplicable in these cases, rather he argues that even if it is, petitioners cannot prevail. We agree and assume arguendo, without deciding, that the envelopes containing the petitions were properly addressed. Because the postage on both envelopes was imprinted by private postage meter, because the U.S. Postal Service placed no mark or stamp on either of the envelopes or on the sender's receipts, and because neither petition was received by the Clerk of this Court within the normal three days' delivery time between San Francisco, California, and Washington, D.C., petitioners must establish all of the following: (1) the actual date of mailing and that the date was prior to the expiration of the 90-day period; (2) that the delay in delivery was attributable to delay in the transmission of mail; and (3) the cause of such delay. Sec. 301.7502-1(c)(1)(iii)(b), Income Tax Regs. This three-fold proof requirement *183 was upheld as a valid exercise of the Commissioner's authority under section 7502(b) in Irving Fishman,51 T.C. 869 (1969), affd. per curiam 420 F. 2d 491 (2d Cir. 1970). Unlike the petitioners in Fishman, the petitioners in these cases have established the dates on which their respective petitions were mailed. The dates of mailing were within the 90-day period applicable in each case. However, as in Fishman, the petitioners have not established the cause for the delay in delivery. The result here is harsh, but applying respondent's regulation, section 7502 does not afford petitioners any relief and we must dismiss the cases for lack of jurisdiction. An appropriate order will be issued.
Footnotes
1. These two cases were consolidated for briefing and opinion solely for resolution of the jurisdictional issue.↩
2. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified. ↩
3. If the notice is addressed to a person outside the U.S., the period is 150 days after mailing.↩