Appeal of **THE MATTESON CO.** **Docket No. 478.**

A petition must be received by the Board within the statutory period in order to give the Board jurisdiction thereof, and a delay caused by mailing it to the Commissioner deprives the Board of jurisdiction.

Submitted March 12, 1925; decided March 30, 1925.

*W. H. Oppenheimer, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

TRAMMELL: The Commissioner moved to dismiss this appeal on the ground that the petition was not filed within the statutory period of 60 days from the date of the mailing of the deficiency letter. This motion was granted and the petition dismissed under the authority of the *Appeal of Sam Satovsky*, 1 B. T. A. 22, on February 26, 1925. The appeal is now before us on motion of the taxpayer to vacate the order of dismissal.

The Commissioner's deficiency letter was mailed August 25, 1924. In support of its motion the taxpayer states as follows:

First, that the time for filing an appeal herein expired October 26th, 1924.

Second, that an appeal was duly mailed by registered mail from St. Paul, Minnesota, on October 16th, 1924, addressed to the Commissioner of Internal Revenue. That such appeal was received by the Commissioner of Internal Revenue on October 18th, 1924, but for some reason, unknown to the taxpayer, was not forwarded to or filed in the office of the Board of Tax Appeals until October 28th, 1924.

In the *Appeal of Sam Satovsky*, 1 B. T. A. 22, we held that a petition must be deposited in the office of the Board within the time required by law in order to give the Board jurisdiction thereof. In this appeal, the petition was not filed with the Board until October 28, 1924, and the 60-day period expired on October 26, 1924. It is claimed by the taxpayer, however, that since the petition was mailed to the Commissioner on October 16 and held by him until October 28, when he filed it with the Board, the dismissal should be vacated.

The Board has no authority to extend the period provided by statute for the filing of an appeal whatever the equities of a particular case may be and regardless of the cause for its not being filed within the period required. The only proper subject of inquiry is: Was the appeal filed within the period required by law? A petition is not filed until it is actually received by the Board. The mailing of a petition to the Commissioner is manifestly not filing it with the Board. He was under no legal obligation to forward it to

the Board at any time. The 60-day period had expired when the petition was actually filed. The Board, therefore, is without jurisdiction to hear and determine the appeal, and the motion to vacate the order of dismissal is overruled.