EARL H. C. LURKINS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4339–67.    Filed January 31, 1968.

Earl H. C. Lurkins, pro se.
*Andrew S. Coxe*, for the respondent.

### OPINION

DRENNEN, *Judge:* A statutory notice of deficiency in the income tax of petitioner, an attorney, for the year 1959 was mailed to petitioner on March 28, 1963, and a statutory notice of deficiency in the income tax of petitioner for the year 1960 was mailed to petitioner on May 19, 1967. Petitioner filed a petition, bearing a heading "United States Board of Tax Appeals," seeking a "redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency bearing symbols AP :STL :CLS :KG :mb for the years 1959, 1960, and 1961," no date of such notice of deficiency being mentioned. The reference symbols are the same as those appearing on the notice of deficiency for the year 1960 but are different from those appearing on the notice of deficiency for 1959. Despite the reference to the year 1961, the petition assigned error only with respect to the years 1959 and 1960.

The aforesaid petition was mailed in an envelope addressed to "U.S. Board of Tax Appeals, Washington, D.C. 20044" and bore a postmark from St. Louis, Mo., dated August 15 p.m., 1967. This envelope was stamped at the Benjamin Franklin Station of the U.S. Post Office in Washington, D.C., "Unknown," and "Returned to Writer." Apparently, on receipt of the returned envelope petitioner enclosed that envelope in another envelope addressed to "Tax Court of the United States, 12th & Constitution Ave., N.W., Washington, D.C. 20044" and placed it in the U.S. mail where it was postmarked August 23 p.m., 1967. The petition, enclosed in the inner envelope, was received and filed by the Tax Court of the United States on August 28, 1967.

Respondent filed a motion to dismiss the petition for lack of jurisdiction for the year 1959 on the ground that no deficiency in tax had been determined for that year in the statutory notice before the Court, and for the year 1960 on the ground that the petition was not filed within the time prescribed by applicable provisions of the Internal Revenue Code of 1954. This motion was served upon petitioner and set for hearing on the Motions Calendar at Washington, D.C., on November 15, 1967. There was no appearance on behalf of petitioner, and he filed no objection to respondent's motion. It appearing that the notice of deficiency pertaining to the year 1959 was mailed to petitioner at least 4 years prior to the date this petition was filed, and for other reasons appearing of record, respondent's motion to dismiss for lack of jurisdiction with respect to the year 1959 was granted. Respondent's motion insofar as it related to the taxable year 1960 was taken under advisement by the Court and the parties were given until December 13, 1967, to file written memoranda in support of their respective positions on respondent's motion as related to the year 1960.

The only document subsequently filed by petitioner was a letter dated December 14, 1967, in which he stated, "The envelope which I enclosed, was filed in time, but was returned to me with the notation not found, even though you are the only Board of Tax Appeals in Washington, D.C. and the salutation was taken from your book of rules."

Under section 6213 of the 1954 Code a petition for redetermination of a deficiency may be filed in the Tax Court within 90 days after the notice of deficiency is mailed to the taxpayer. The 90-day filing requirement is jurisdictional and this Court has no jurisdiction unless the petition is timely filed. *Estate of Frank Everest Moffat*, 46 T.C. 499. It is clear in this case that the actual filing of the petition was untimely because it was not received and filed in the Tax Court until 101 days after the mailing of the notice of deficiency. Consequently, this Court has no jurisdiction and respondent's motion must be granted unless petitioner can bring himself within the provisions of section 7502 of the Code.

Section 7502 provides a statutory exception to the 90-day filing requirement of section 6213 of the Code. It was first enacted in the 1954 Code to avoid the inequities and hardships of mails not functioning properly. *Bloch* v. *Commissioner*, 254 F. 2d 277; *Boccuto* v. *Commissioner*, 277 F. 2d 549; *Skolski* v. *Commissioner*, 351 F. 2d 485. Section 7502(a)(1) provides that if any document required to be filed within a prescribed period under authority of any provision of the internal revenue laws is, after such period, delivered by U.S. mail to the office with which such document is required to be filed, the date of the U.S. postmark stamped on the cover in which such document is mailed shall be deemed to be the date of delivery of the document. Section 7502(a)(2) provides that the subsection shall apply only if the postmark date falls within the prescribed period for filing such document and the document was, within the time prescribed above, deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the office with which the document is required to be filed.

The language of section 7502 is clear, explicit, and strictly limited. *Rich* v. *Commissioner*, 250 F. 2d 170; *Nathaniel A. Denman*, 35 T.C. 1140. It provides an exception to the 90-day filing requirement of section 6213; accordingly, there must be strict compliance with the terms of the statute and regulations. *Boccuto* v. *Commissioner*, *supra;* *C. Louis Wood*, 41 T.C. 593, affd. 338 F.2d 602.

Here the outer envelope in which the petition was delivered to the Tax Court bore a postmark date of August 23, 1967, which was more than 90 days after the date the notice of deficiency was mailed. However, the inner envelope in which the petition was contained, which was returned to the sender by the Post Office in Washington, bore a postmark of August 15, 1967, which was within the 90-day period. Had the latter envelope, with the petition contained therein, been properly addressed and delivered to the Tax Court the petition would have been timely filed under section 7502 at least, and possibly under section 6213. However, it was not timely delivered to the Tax Court and consequently does not meet the requirements of section 6213.

Section 7502 requires not only that the postmark be within the filing period but also that the envelope in which the petition is mailed must be properly addressed to the office with which the petition is required to be filed. The inner envelope, which bore a timely postmark, was addressed "U.S. Board of Tax Appeals, Washington, D.C. 20044." So far as we know there was no such agency or office in Washington at that time with that name, the name of the Board of Tax Appeals having been changed to "The Tax Court of the United States" by statute in 1942. Inasmuch as there was no office or agency with that name listed

in Washington and there was no post office box number or street address given, apparently the Post Office was unable to deliver the envelope and returned it to the sender.

Petitioner claims that the envelope was properly addressed because the Tax Court is the "only Board of Tax Appeals in Washington, D.C. and the salutation was taken from your book of rules."[1] We do not agree. Section 6213(a), which provides for filing a petition for redetermination, states that the petition is to be filed "with the Tax Court." Rule 1(b), Tax Court Rules of Practice, clearly provides that all mail sent to the Court should be addressed to: Tax Court of the United States, Box 70, Washington, D.C. 20044. The notice of deficiency to which this petition was addressed also clearly provides that if the taxpayer wants to contest the determination made in the notice of deficiency in the "Tax Court of the United States" it must be done by filing a petition with that Court in accordance with its rules, and further states that a copy of the rules of the Court may be obtained by writing to the "Clerk, Tax Court of the United States, Box 70, Washington, D.C. 20044." It thus appears that if petitioner had available to him the "book of rules" of the Tax Court to which he refers, he should have known the proper name and address of the office in which his petition should have been filed.[2]

Since the only envelope containing the petition on which there was a timely postmark was not properly addressed, the petition was not timely filed under the provisions of section 7502, and since the envelope in which the petition was ultimately delivered to the Tax Court was not received by the Tax Court within the 90-day period and did not bear a timely postmark, the petition was not timely filed under the provisions of section 6213, so the Tax Court has no jurisdiction. See *Kiker* v. *Commissioner*, 218 F. 2d 389. Consequently, respondent's motion to dismiss the petition as related to the year 1960 for lack of jurisdiction will be granted.

*An appropriate order will be entered.*

---

[1] It might be argued that technically the Board of Tax Appeals from which the Tax Court of the United States sprang continues to exist because of the language used in the legislation changing its name (see sec. 504(a), Revenue Act of 1942) and in sec. 7441 of the 1954 Code. Sec. 7441 provides:

The Board of Tax Appeals shall be continued as an independent agency in the Executive Branch of the Government, and shall be known as the Tax Court of the United States. The members thereof shall be known as the chief judge and the judges of the Tax Court.

But, be that as it may, mail addressed to the "U.S. Board of Tax Appeals" is not properly addressed to the Tax Court of the United States, which has been the name of this Court for 25 years.

[2] We are not unmindful of the fact that petitioner is an attorney and that he apparently was sufficiently familiar with the procedures to know the postal zone number of this Court.