Paul Garland and Rosemary Garland v. Commissioner.
Garland v. Commissioner
Docket No. 6939-70SC.
United States Tax Court
T.C. Memo 1971-79; 1971 Tax Ct. Memo LEXIS 253; 30 T.C.M. (CCH) 326; T.C.M. (RIA) 71079; April 21, 1971, Filed. Paul Garland, pro se, 775 Potter Road, Framingham, Mass. Joel Gerber, for the respondent. GUSSIS
Memorandum Opinion GUSSIS, Commissioner: On December 11, 1970, the respondent filed a motion to dismiss this case for lack of jurisdiction because it was not filed within 90 days after the statutory notice of deficiency was mailed to petitioners, *254 as provided by section 6213 (a) of the Internal Revenue Code of 1954. [1] Petitioners objected to the motion and requested a hearing which was granted. Petitioner Paul Garland appeared pro se at a hearing upon this motion conducted by this Court at Boston, Massachusetts on March 15, 1971. Respondent mailed a notice of deficiency on July 30, 1970 by certified mail to the petitioners at their last known address, 775 Potter Road, Framingham, Massachusetts. Petitioners filed a petition with this Court on November 5, 1970, which date is 98 days after the notice of deficiency was mailed to them. The petition was sent by certified air mail, with the envelope bearing a postmark from Framingham, Massachusetts dated November 3, 1970. The statutory 90-day period for timely filing the petition with this Court within the provisions of section 6213(a) expired on Wednesday, October 28, 1970, which date was not a legal holiday. On October 27, 1970 the petitioners mailed a petition by certified mail to the following address: Appellate Branch Office, P.O. Box 9082, J. F. Kennedy *255 Post Office, Boston, Massachusetts 02203. In a letter to petitioners dated October 30, 1970, the petition was returned by respondent's regional office to the petitioners with the information that it should be mailed to the United States Tax Court. Section 6213(a) provides that a petition must be filed with the Tax Court within 327 90 days after the notice of deficiency is mailed. The 90-day filing requirement is jurisdictional and this Court does not acquire jurisdiction of the case unless the petition is timely filed. Estate of Frank Everest Moffat, 46 T.C. 499 (1966). Petitioners' argument, as gathered from their correspondence with this Court and from the presentation made at the hearing, seems to be that their petition filed with the respondent's regional office in Boston, Massachusetts in a letter postmarked October 27, 1970 (which was within the 90-day period) should satisfy the 90-day filing requirement of the statute. We cannot agree. Section 6213(a) provides that the petition must be filed "with the Tax Court." See also Rule 1(b) of the Tax Court Rules of Practice. In Earl H. C. Lurkins [Dec. 28,833], 49 T.C. 452 (1968), a petition was mailed *256 in an envelope timely postmarked but addressed to the "U.S. Board of Tax Appeals, Washington, D.C. 20044." It was returned by the Post Office in Washington to the taxpayer who enclosed the first envelope in a second envelope (which bore a postmark date more than 90 days after the notice of deficiency was mailed) and mailed it to this Court. We held that the actual filing of the petition was untimely within the provisions of section 6213(a) because it was received and filed with the Tax Court more than 90 days from the mailing of the statutory notice of deficiency. In reaching our holding we considered the provisions of section 7502 which under some explicit circumstances provides an exception to the 90-day filing requirement of section 6213. Section 7502(a)(1) provides that if any document required to be filed within a prescribed period under authority of any provision of the internal revenue laws is, after such period, delivered by U.S. mail to the office with which such document is required to be filed, the date of the U.S. postmark stamped on the cover in which such document is mailed shall be deemed to be the date of the delivery of the document. However, section 7502(a) (2) *257 makes it clear that the subsection will apply only if (1) the postmark date falls within the prescribed period for filing such document and (2) the document was, within the prescribed time, deposited in the mail in the United States in an envelope properly addressed to the office with which the document is required to be filed. We held that section 7502 did not apply under the described facts and stated in part as follows: Since the only envelope containing the petition on which there was a timely postmark was not properly addressed, the petition was not timely filed under the provisions of section 7502, and since the envelope in which the petition was ultimately delivered to the Tax Court was not received by the Tax Court within the 90-day period and did not bear a timely postmark, the petition was not timely filed under the provisions of section 6213, so the Tax Court has no jurisdiction. Here, too, the envelope containing the petition with a timely postmark (October 27, 1970) was not properly addressed, while the envelope in which the petition was ultimately delivered to the Court was not received by the Court within the 90-day period and did not bear a timely postmark. Thus *258 the petition was not timely filed either under the provisions of section 7502 or section 6213. Consequently, respondent's motion to dismiss the case for lack of jurisdiction will be granted. Reviewed and adopted as the report of the Small Tax Case Division. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩