BAKER L. AND HELEN D. AXE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 218–72. Filed May 9, 1972.

Baker L. Axe, pro se.
*H. Lloyd Nearing*, for the respondent.

DAWSON, *Judge:* This case is before us on respondent's motion to dismiss for lack of jurisdiction.

Petitioners' legal residence was in Lakewood, Calif., when they filed their petition in this proceeding.

A statutory notice of deficiency was mailed by respondent to the petitioners on September 28, 1971, determining income tax deficiencies of $1,513.26 for 1968 and $1,641.06 for 1969. On December 20, 1971, the petitioners, acting through their accountant, prepared an informal petition at the bottom of the explanation of adjustments page attached to the notice of deficiency. This was sent by first-class mail in an envelope bearing a postmark date of December 20, 1971, and addressed to the "Internal Revenue Service, Attention: Tax Court of United States, 200 No. Los Angeles, Calif." The petition was received by the Notices Section, Audit Division, Internal Revenue Service, Los Angeles, on December 28, 1971. The Internal Revenue Service forwarded the petition to the United States Tax Court in Washington, D.C., on December 29, 1971. It was received by the Tax Court on January 3, 1972, which was 97 days after the notice of deficiency was mailed.

On February 28, 1972, respondent filed a motion to dismiss the case for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502(a), I.R.C. 1954. On April 4, 1972, petitioners filed an objection to respondent's motion. A hearing on the motion was held in Los Angeles on April 17, 1972.

Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days after the statutory notice of deficiency is

mailed to the taxpayer. The 90-day filing requirement is jurisdictional and this Court does not acquire jurisdiction of the case unless the petition is timely filed. *Estate of Frank Everest Moffat*, 46 T.C. 499 (1966) ; *Jacob L. Rappaport*, 55 T.C. 709 (1971), affd. 456 F. 2d 1335 (C.A. 2, 1972).

Petitioners argue that the envelope containing their petition was postmarked within the 90-day period although it was erroneously and improperly addressed to, and received by, the Internal Revenue Service in Los Angeles. Hence they contend that they have met the 90-day filing requirement of the statute.

We cannot agree. Section 6213(a) provides that the petition must be filed "with the Tax Court." See also Rule 1(b) of the Tax Court Rules of Practice. In *Earl H. C. Lurkins*, 49 T.C. 452 (1968), a petition was mailed in an envelope timely postmarked but addressed to the "U.S. Board of Tax Appeals, Washington, D.C. 20044." It was returned by the Post Office in Washington to the taxpayer who enclosed the first envelope in a second envelope (which bore a postmark date more than 90 days after the notice of deficiency was mailed) and mailed it to this Court. We held that the actual filing of the petition was untimely within the provisions of section 6213(a) because it was received and filed with the Tax Court more than 90 days after the mailing of the statutory notice of deficiency. In reaching this conclusion we considered the provisions of section 7502 which under some explicit circumstances provides an exception to the 90-day filing requirement of section 6213(a). Section 7502(a)(1) provides that if any document required to be filed within a prescribed period under authority of any provision of the internal revenue laws is, after such period, delivered by U.S. mail to the office with which such document is required to be filed, the date of the U.S. postmark stamped on the cover in which such document is mailed shall be deemed to be the date of the delivery of the document. However, section 7502(a)(2) makes it clear that the subsection will apply only if (1) the postmark date falls within the prescribed period for filing such document *and* (2) the document was, within the prescribed time, deposited in the mail in the United States in an envelope *properly addressed* to the office with which the document is required to be filed. We held that section 7502 did not apply under the described facts and stated, in part, as follows (49 T.C. at 455) :

Since the only envelope containing the petition on which there was a timely postmark was not properly addressed, the petition was not timely filed under the provisions of section 7502, and since the envelope in which the petition was ultimately delivered to the Tax Court was not received by the Tax Court within the 90-day period and did not bear a timely postmark, the petition was not timely filed under the provisions of section 6213, so the Tax Court has no jurisdiction.

Here, too, the envelope containing the petition with a timely postmark (Dec. 20, 1971) was not properly addressed, and the envelope in which the petition was ultimately delivered to the Court was not received by the Court within the 90-day period and did not bear a timely postmark date.

We have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period. The mailing of a petition to the Internal Revenue Service is manifestly not filing it with the Tax Court. In fact, the Internal Revenue Service was under no legal obligation to forward the petition to the Court. See *The Matteson Co.*, 1 B.T.A. 905 (1925).

Under the circumstances we hold that the petition was not timely filed.[1] Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted. We note, however, that despite the mistake made by petitioners' representative in improperly addressing the envelope, the petitioners will still be able to have their day in court by paying the deficiencies and bringing a suit for refund in the U.S. District Court.

*An appropriate order will be entered.*

---

[1] See *Paul Garland*, T.C. Memo. 1971–79.