KAY A. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 2597-75
United States Tax Court
T.C. Memo 1975-264; 1975 Tax Ct. Memo LEXIS 110; 34 T.C.M. (CCH) 1138; T.C.M. (RIA) 750264; August 12, 1975, Filed Kay A. Miller, pro se. William E. Saul, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, ChiefJudge: This motion to dismiss for lack of jurisdiction was assigned to and heard by Commissioner James M. Gussis. The Court agrees with and adopts his opinion which is set forth below. [1]
*111 OPINION OF THE COMMISSIONER This matter is presently before the Court on respondent's motion to dismiss for lack of jurisdiction filed on April 23, 1975. Petitioner filed a response to respondent's motion on May 23, 1975, and the case was called for hearing on June 30, 1975. Respondent appeared by his counsel who argued in support of his motion. Petitioner appeared prose and presented to the Court her arguments opposing said motion. Respondent's motion is predicated on the ground that the petition was not filed within the time prescribed by statute. Section 6213(a) of the Internal Revenue Code of 1954 provides that a taxpayer may file a petition with the Tax Court within 90 days after the mailing of a notice of deficiency addressed to him. If the petition is not filed within the prescribed period of time, this Court has no jurisdiction. Baker L. Axe,58 T.C. 256 (1972). Section 7502(a)(1) provides that if any document required to be filed within a prescribed period under authority of any provision of the internal revenue laws is, after such period, delivered by the United States mail to the office with which such document *112 is required to be filed, the date of the United States postmark stamped on the cover in which such document is mailed shall be deemed to be the date of the delivery of the document. Section 7502(a)(2) requires that the postmark date be a timely one and that the document was deposited in the mail in the United States in an envelope "properly addressed" to the office with which the document is required to be filed. Respondent mailed a statutory notice of deficiency to petitioner on September 23, 1974. A petition was filed with the Tax Court on January 6, 1975, which date is 105 days after the mailing date of the notice of deficiency. The envelope containing the petition was postmarked December 31, 1974. Petitioner stated to the Court that on December 18, 1974, she learned that her accountant had taken no action with respect to the notice of deficiency and that he no longer wished to represent petitioner in the matter. On December 19 petitioner sent a telegram to the "IRS DISTRICT TAX COURT" in San Francisco, California, requesting an appointment with respect to the statutory notice of deficiency. The telegram was returned to her and the record shows that it was eventually filed *113 with the Tax Court as a petition on January 6, 1975. We must hold under the above facts that the petition was not timely filed. Section 6213(a) specifically requires that the petition must be filed "with the Tax Court." [2] Consequently, the telegram dated December 19, 1974, which was incorrectly addressed to the Internal Revenue Service in San Francisco does not meet the 90-day filing requirement of the statute. Baker L. Axe,supra; Earl H. C. Lurkins,49 T.C. 452 (1968). Moreover, it is obvious that the telegram dated December 19, 1974, does not qualify under the clear and explicit language of section 7502(a)(1). It will suffice to say that the absence of a "properly addressed" envelope renders the provisions of section 7502(a)(1) inapplicable. Earl H. C. Lurkins,supra. Here, the envelope in which the petition was ultimately delivered to the Tax Court was postmarked December 31, 1974, which date was not within the 90-day statutory period. *114 Petitioner states that her difficulties were created by the laxness of her representative in pursuing the tax matters entrusted to him. However, as we said in Baker L. Axe,supra, "[We] have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period." Under the circumstances we hold that the petition was not timely filed. Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances.
2. Rule 22, Tax Court Rules of Practice and Procedure↩, provides that any pleadings or other papers to be filed with the Court must be filed with "the Clerk in Washington, D.C."