NOEL B. HINMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hinman v. Commissioner
Docket No. 10089-77.
United States Tax Court
T.C. Memo 1978-133; 1978 Tax Ct. Memo LEXIS 382; 37 T.C.M. (CCH) 573; T.C.M. (RIA) 780133; April 4, 1978, Filed *382 On June 20, 1977, respondent mailed a notice of deficiency to petitioner. On September 20, 1977, the petition was received by the Internal Revenue Service, Indianapolis Office, who forwarded the petition to this Court. We received the petition on September 29, 1977, 101 days after mailing of the notice of deficiency. Petitioner alleges that on September 15, 1977, he was erroneously advised in a telephone conversation with an unnamed Indianapolis Internal Revenue employee, to bring the petition there rather than mail it to Washington, D.C. Held: (1) the erroneous delivery of the petition to the Internal Revenue Service, Indianapolis Office, deprives this Court of jurisdiction under secs. 6213 and 7502, I.R.C. 1954; and (2) respondent is not estopped by alleged unauthorized acts of his agents. Therefore, respondent's motion to dismiss for lack of jurisdiction will be granted. Noel B. Hinman, pro se. Michael Rusnak, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: On November 11, 1977, respondent filed a motion to dismiss on the ground that the Court lacks jurisdiction. The sole issue is whether the petition was timely filed. Petitioner's legal residence was in Hammond, Indiana, when he filed his petition in this proceeding. On June 20, 1977, respondent sent a deficiency notice to petitioner at his last known address. On September 29, 1977, the petition was received by this Court, 101 days after the mailing of the notice of deficiency. We received the petition from the Indianapolis, Indiana, Office of Internal Revenue Service in an envelope bearing *384 no postmark date. The petition bears the notation that it was received by the Internal Revenue Service, Indianapolis Office, on September 20, 1977, 92 days after the mailing of the notice of deficiency. Petitioner did not allege that he mailed the petition to the Internal Revenue Service. Petitioner filed a written objection to respondent's motion to dismiss alleging that on September 15, 1977, he telephoned the Internal Revenue Service Office in Indianapolis and asked to speak to either of two people whose names appeared on the notice of deficiency. Since neither party was available, petitioner alleges he was placed in contact with an unnamed person who purported to have knowledge and authority regarding the subject matter and factual details of the filing of a formal petition with this Court. Petitioner then alleges that this party, through deceit, misrepresentation, and false statements, informed him as follows: (1) there was a Tax Court in Indianapolis and it made no difference whether the petition was filed in Washington, D.C., or Indianapolis; (2) if the petition was mailed on Thursday, September 15, 1977, there was a strong possibility that the petition would not arrive *385 in time; and (3) it would be best to bring the petition in personally to preclude the waiver of the right to file. Petitioner alleges that he relied upon these statements and did not mail his petition to Washington, D.C., on September 15, 1977, as he would have otherwise done. He argues that his ignorance of the existence of section 7502[1] and the official's erroneous advice that petitioner should not mail his petition on September 15, 1977, either entitled him to relief under section 7502 or estopped respondent from moving to dismiss this case. Section 6213(a) of the Internal Revenue Code of 1954 provides that a taxpayer in the United States may file a petition with the Tax Court for a redetermination of a deficiency within 90 days after the Commissioner has mailed a deficiency notice to such taxpayer at his last known address. If a petition is received within the 90-day period, the petition is deemed filed on the date it is received. If, on the other hand, a petition is received more than 90 days after the mailing of the deficiency notice, the petition is considered *386 filed when mailed if the requirements of section 7502 are satisfied. Under section 7502(a), if the envelope containing the petition bears a postmark made by the United States Postal Service, if the date of such postmark falls within the 90-day statutory period, and if the other requirements of section 7502 are satisfied, then notwithstanding the untimely receipt, the petition will be deemed timely filed. Since the 90-day period for timely filing the petition expired on Sunday, September 18, 1977, section 7503 provides that the 90-day period will expire on Monday, September 19, 1977. The petition in this case, however, was not received by the Indianapolis Office of Internal Revenue Service until September 20, 1977, one day after the expiration of the filing period. The petitioner does not allege that he mailed the petition to the Internal Revenue Service in an envelope bearing a postmark no later than September 19, 1977. In fact, since he alleged the official told him to bring the petition in personally, we believe this is the procedure he followed. Thus, since petitioner presents no evidence that the petition was mailed within the required period, he is not entitled to relief *387 under section 7502. Moreover, even if we assumed the petition was postmarked on or before September 19, 1977, petitioner would be in no better position. In Axe v. Commissioner,58 T.C. 256 (1972), the taxpayers erroneously mailed their petition to the "Internal Revenue Service, Attention: Tax Court of United States." The Internal Revenue Service forwarded the petition to this Court and we received it 97 days after the mailing of the notice of deficiency. The taxpayers argued that they met the 90-day filing requirement of the statute since the envelope containing their petition, as mailed to the Internal Revenue Service, was postmarked within the 90-day period. We rejected taxpayers' contention holding that under sections 6213(a) and 7502 we had no jurisdiction: We have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period. The mailing of a petition to the Internal Revenue Service is manifestly not filing it with the Tax Court. In fact, the Internal Revenue Service was under no legal obligation *388 to forward the petition to the Court. [Emphasis added.] [Axe v. Commissioner, supra at 259.] Since the petition in this case was similarly improperly addressed and was received 101 days after the mailing of the notice of deficiency, we hold that we do not have jurisdiction under sections 6213 and 7502. Petitioner makes a final argument that we must reject. He argues respondent is estopped by the conduct of his own agents. It is well settled, however, that respondent is neither bound nor estopped by the unauthorized acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit. Utah Power & Light Co. v. United States,243 U.S. 389, 408-409 (1917); Federal Crop Insurance Corp. v. Merrill,332 U.S. 380, 384 (1947); Bornstein v. United States,345 F. 2d 558, 562 (Ct. Cl. 1965). Moreover, notwithstanding respondent's motion to dismiss, we have previously stated that questions of jurisdiction must be dealt with on our own motion even if not raised by either party. National Committee To Secure Justice, Etc. v. Commissioner,27 T.C. 837, 839 (1957). *389 Under these circumstances we hold that the petition was not timely filed. Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted. We note, however, that despite our holding here, petitioner will still be able to have his day in court by paying the deficiencies and bringing a suit for refund in the U.S. District Court. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩