E. SCOTT LERNER (FORMERLY EVELYN MALSACK), Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lerner v. Commissioner
Docket No. 17649-81.
United States Tax Court
T.C. Memo 1982-523; 1982 Tax Ct. Memo LEXIS 233; 44 T.C.M. (CCH) 1097; T.C.M. (RIA) 82523; September 13, 1982. E. Scott Lerner, pro se. Kevin M. Bagley, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Code [1] and Rule 180, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issues for decision are (1) whether the petition was timely filed under section 6213(a); and (2) whether the statutory notice of deficiency was mailed to petitioner's last known address. *235 By notice of deficiency mailed to petitioner on March 27, 1981, respondent determined a deficiency in petitioner's Federal income tax for 1977 in the amount of $404.00. The notice was sent by certified mail addressed to: Ms. Evelyn M. Scott [2], Formerly Ms. Evelyn M. Malsack, 10318 Centinello [3] Drive, La Mesa, California 92041 At the time the petition in this case was filed, petitioner resided at 2540 Fieldcrest Place, Rancho San Diego, California. Petitioner moved from her Centinella Drive address about March 31, 1980, to Fieldcrest Place. Sometime before that move and since, petitioner testified that she used P.O. Box 1821, La Mesa, California 92041, as her legal mailing address. The Centinella Drive address apparently was shown on petitioner's 1977 Federal income tax return. Petitioner testified that she used the post office box address on her 1979 and 1980 returns. [4]
*236 Petitioner claims she did not receive the notice of deficiency until June 23, 1981, 88 days after the notice of deficiency was mailed. [5] On June 25, 1981, 90 days after the notice of deficiency was mailed, petitioner sent a letter to the Los Angeles office of the Internal Revenue Service. This letter, purporting to be a petition for redetermination, was received by respondent on the following day. The petition was subsequently filed with this Court on July 6, 1981, 101 days after the notice of deficiency was mailed. Section 6213(a) requires, with one exception not relevant here, that a taxpayer file a petition for redetermination with this Court within 90 days after the mailing of the notice of deficiency. This requirement is jurisdictional. Price v. Commissioner,76 T.C. 389 (1981); Shipley v. Commissioner,572 F.2d 212 (9th Cir. 1977), *237 affg. a Memorandum Opinion of this Court; Estate of Moffat v. Commissioner,46 T.C. 499 (1966). An untimely petition precludes this Court from exercising jurisdiction over the matter. Denman v. Commissioner,35 T.C. 1140 (1961). It is obvious that the petition filed the 101st day after the notice of deficiency was mailed was untimely. Section 6213(a); Axe v. Commissioner,58 T.C. 256 (1972); Lurkins v. Commissioner,49 T.C. 452 (1968). [6]
Petitioner contends, however, that the notice of deficiency was invalid because it was not mailed to her last known address as required by section 6212(b)(1). Respondent, on the other hand, contends that the notice was mailed to petitioner's last known address. Section 6212(a) provides that once the Secretary or his delegate determines there is a deficiency in income tax, he is authorized to send a notice of deficiency by certified or registered mail. [7] Section 6212(b)(1) *238 states in pertinent part that the notice of deficiency shall be sufficient if mailed to the taxpayer's "last known address." The phrase "last known address" is not defined in section 6212, nor in the regulations promulgated thereunder. [8] This phrase has been interpreted by this Court to mean the taxpayer's last known permanent address or legal address, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications. Stated otherwise, it is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice to be sent. Brown v. Commissioner,78 T.C. 215, 218 (1982); Weinroth v. Commissioner,74 T.C. 430, 435 (1980). The burden is on the respondent to mail a notice of deficiency to the last known address. By contrast, as this Court has stated: "Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address * * * [and the Commissioner] is entitled *239 to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address." Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Whether either one or both parties have met their respective burden is a question that must be resolved based on the circumstances of each case. Lifter v. Commissioner,59 T.C. 818, 821 (1973). After carefully considering the record, we find that the respondent mailed the notice of deficiency to petitioner's last known address. Petitioner apparently used the Centinella Drive address on her 1977 return. Petitioner testified that she used the post office box address on her 1979 and 1980 returns, [9] and that she received notices from respondent pertaining to other years at her post office box in 1980 and 1981. What is significant is that petitioner admitted that, with respect to the audit resulting in the deficiency in question, respondent used her Centinella Drive residence address rather than her post office box *240 address, and that she did not advise respondent of any change of address during those proceedings. She did not so advise respondent even though she had been in contact with respondent long before the notice of deficiency was mailed. The notice of deficiency was mailed on March 27, 1981, to the Centinella Drive address in the manner set forth above. This Court has consistently held that a change in address shown on a subsequent return is insufficient by itself to give the Commissioner clear and concise notice of a new address. Weinroth v. Commissioner,supra;Budlong v. Commissioner,58 T.C. 850, 852 (1972). Although the courts have cited Welch v. Schweitzer,106 F.2d 885 (9th Cir. 1939), and Maxfield v. Commissioner,153 F.2d 325 (9th Cir. 1946), reversing Tax Court order of dismissal, as espousing a more liberal viewpoint, those cases are not squarely in point, and thus Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), does not require us to follow those cases. Moreover, *241 since petitioner knew respondent was using a particular address and acquiesced in its use, we believe the Ninth Circuit would conclude, as we do, that the notice of deficiency was sent to petitioner's last known address. See DeWelles v. United States,378 F.2d 37 (9th Cir.1967), and Alta Sierra Vista Inc. v. Commissioner,supra.
Since the notice of deficiency was sent to petitioner's last known address and she did not file her petition with the Tax Court within the 90-day period, we have no choice but to grant respondent's motion. [10]
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect on March 27, 1981, the date on which the notice of deficiency was issued.↩
2. The record does not indicate the reason for the different names used by petitioner. ↩
3. The correct spelling is Centinella↩ Drive. We do not deem this typographical error significant since the address was correct in all other respects.
4. None of the returns nor copies thereof were introduced in evidence.↩
5. June 23, 1981, was a Tuesday. Petitioner stated in her petition dated June 25, 1981, that she "just received [the notice] a few days ago." She also indicated that she thought she called the auditing agent the Monday after she received the notice. On this record, we cannot ascertain the date when petitioner received the notice.↩
6. Since the petition was addressed to the Internal Revenue Service and not this Court, the relief provisions of sec. 7502 are not applicable. Axe v. Commissioner,58 T.C. 256↩ (1972).
7. See sec. 7701(a)(11)(B).↩
8. Sec. 301.6212-1, Proced. & Admin. Regs.↩
9. The record is silent as to the address used on the 1978 return.↩
10. Unfortunately for petitioner, it appears that, if she had carefully read the notice of deficiency, she probably would have filed her petition timely. The result reached in this case is the direct consequence of petitioner's own actions.↩