WILLIAM J. ZEE AND LUCETTA D. ZEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zee v. Commissioner
Docket No. 13833-86.
United States Tax Court
T.C. Memo 1987-83; 1987 Tax Ct. Memo LEXIS 79; 53 T.C.M. (CCH) 108; T.C.M. (RIA) 87083; February 11, 1987. Lucetta D. Zee, pro se. John Wertz, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by sections 6213(a) or 7502. [1] In his separate notices of deficiency, dated January 30, 1986 respondent determined deficiencies and additions to tax as follows: William J. Zee
Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6664
6661
1983
$1,312.00
$ 328.00
$ 61.00 *
$ 81.00
1984
$6,913.00
$1,728.00
$346.00 *
$434.00
$691.00
Lucetta D. Zee
Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6664
6661
1983
$1,180.00
$ 295.00
$ 59.00 **
$ 71.00
1984
$6,913.00
$1,728.00
346.00 **
$434.00
$691.00
*81 At the time of filing the petition herein, petitioners resided in Gloucester City, New Jersey. On December 13, 1985, the District Director sent to petitioners a Notice of Jeopardy Assessment and Right of Appeal (hereinafter referred as the "Jeopardy Assessment") at the address 501 Hunter Street, Gloucester City, New Jersey 08104. The Jeopardy Assessment advised petitioners that under section 7429 a request for administrative review could be made by filing a written protest with the District Director within 30 days from the date set forth in the Jeopardy Assessment and that if an agreement was not reached at the Appellate level, a notice of deficiency is required by law to be issued within 60 days from the date of jeopardy assessment made under section 6861 and that petitioners will then have 90 days from the date of mailing the Jeopardy Assessment to file a petition in the United States Tax Court. Respondent argues that he subsequently received several timely communications from petitioners' counsel in response to the Jeopardy Assessment and submitted a copy of these communications with his Motion. On January 30, 1986 respondent issued the separate notices of deficiency set *82 forth above. All notices and other communications by respondent to petitioners were sent with an address including the incorrect zip code 08104. The correct zip code is 08030. Petitioners filed an undated petition in the Tax Court on May 12, 1986, 102 days after the mailing of the notices of deficiency. The 90-day period for timely filing a petition in this Court from the notices of deficiency expired on May 1, 1986, which was not a legal holiday in the District of Columbia. It appears from the record that petitioners mailed the petition by certified mail in an envelope containing a postmark of March 26, 1986 and addressed to the Internal Revenue Service at Newark, New Jersey. The Internal Revenue Service apparently forwarded the petition to the Court and the petition was filed on May 12, 1986. While no evidence was submitted at the hearing it appears that petitioners received the notices of deficiency since they mailed their petition within the 90-day period. However, they inadvertently used the wrong address. Thus, the issues to be decided are: (1) whether the incorrect zip code invalidates the notices of deficiency and; (2) whether a petition is timely filed where it *83 is mailed in an envelope postmarked within the 90-day period but improperly addressed to the Internal Revenue Service, Newark, New Jersey and forwarded by the Internal Revenue Service to the Tax Court and is received by the Tax Court outside the 90-day period required by section 6213(a). Petitioners objected to respondent's Motion to Dismiss for Lack of Jurisdiction and attended the hearing on the Motion, but neither offered any evidence nor advanced any law or argument on their behalf in support of their position. It does not appear that either petitioner or petitioners' counsel informed the Internal Revenue Service that the zip code used in the Jeopardy Assessment was incorrect. Furthermore, it does not appear that any of the communications by respondent to petitioners were returned as undeliverable. Petitioners did not raise an issue in their petition that they had not received the notices of deficiency from respondent. Finally, petitioners communicated with the Court requesting a hearing on this matter and included a copy of a letter they apparently received from one of respondent's representatives using an address which contained the incorrect zip code. With regard to the *84 effect of the incorrect zip code upon the validity of the notice of deficiency, section 6212(b)(1) authorizes respondent to mail the notice of deficiency to petitioners at their last known address. This Court has defined "last known address" as "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner,78 T.C. 215, 218 (1982); see Weinroth v. Commissioner,74 T.C. 430, 435 (1980); Alta Sierra Vista Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). We have previously held that inconsequential errors in addressing a notice of deficiency do not destroy its validity. Clodfelter v. Commissioner,57 T.C. 102, 107 (1971), affd. 527 F.2d 754, 756 (9th Cir. 1975). In Price v. Commissioner,76 T.C. 389 (1981), we examined in detail the United States Postal Service's Domestic Mail Manual (hereinafter referred to as the *85 "Manual") for the purpose of deciding whether a petition was properly filed in the Tax Court. The Manual stated that the zip code should be included in all addresses and return addresses. We stated that "[i]t appears that the Postal Service requires only the name, street, and number of the addressee" and that "[t]he use of zip codes is for the convenience of the Postal Service and to date is not required as a prerequisite to the delivery of mail." Price v. Commissioner,supra at 392 (emphasis in original). The current Manual contains the same statements as it did when we considered it in Price v. Commissioner,supra.[2]
The notices of deficiency were not delayed because of the use of the improper zip code. While petitioners may have used the wrong address to mail their petition to the Tax Court, petitioners in fact mailed the petition in an envelope containing a postmark of March 26, 1986, within the 90-day period required by section 6213(a). We find that respondent sent the notices of deficiency to petitioners' "last known address." [3] *86 With regard to the effect of mailing the petition to the Internal Revenue Service, this issue was decided in Axe v. Commissioner,58 T.C. 256 (1972). There the taxpayer's accountant mailed the petition to the "Internal Revenue Service, Attention: Tax Court of the United States, 200 No. Los Angeles, California." The petition was mailed within the 90-day period to the Internal Revenue Service and was forwarded to the Tax Court and received by the Tax Court outside of the 90-day period required by section 6213(a). We held that the petition was not timely filed. The facts of this case are similar to Axe v. Commissioner,supra. *87 We stated: We have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period. The mailing of a petition to the Internal Revenue Service is manifestly not filing it with the Tax Court. In fact the Internal Revenue Service was under no legal obligation to forward the petition to the Court. See The Matteson Co.,1 B.T.A. 905 (1925). [58 T.C. 256, 259 (1972).] [4]
Therefore, we find that the petition herein was not timely filed. For the reasons herein stated respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of the interest due on $1,312.00 and $6,913.00, the underpayment attributable to negligence. ** 50% of the interest due on $1,180.00 and $6,913.00, the underpayment attributable to negligence.↩
2. Incorporated by reference in 39 C.F.R. sec. 111.1 (1986)↩.
3. See Boothe v. Commissioner,T.C. Memo. 1986-361, where we held that an unreceived notice of deficiency bearing an incorrect zip code did not invalidate the notice; see also Davis v. Commissioner,T.C. Memo. 1980-176, affd. without published opinion 649 F.2d 862 (4th Cir. 1981), where we held a notice valid with a misspelled street name and an erroneous zip code. The failure of delivery in Davis↩ was due to the postal service's one year limit on the forwarding of mail.
4. See also Hinman v. Commissioner,T.C. Memo. 1978-133↩.