T.C. Memo. 1998-159

UNITED STATES TAX COURT

GLEN A. FINNELL, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 17870-97R.                    Filed May 4, 1998.

Glen A. Finnell, pro se.

<u>William I. Miller</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Respondent moves the Court to dismiss this
case for lack of jurisdiction, alleging that petitioner's
petition for declaratory judgment was not filed within the time

prescribed in section 7476(b)(5).[1]  Petitioner objects thereto. Petitioner alleges that a letter he wrote to the Internal Revenue Service should be considered his petition to this Court, and, if it is not, that equitable considerations support denying respondent's motion.

## Background

Linscott, Haylett, Wimmer & Wheat, P.C. (the Company), maintains a profit-sharing plan named the Linscott, Haylett, Wimmer & Wheat, P.C. 401(k) Profit Sharing Plan (the Plan). On May 13, 1997, the District Director of the Midstates Key District of the Internal Revenue Service (the District Director) issued the Company a final determination letter stating that the Company's "termination of * * * [the Plan] did not adversely affect its qualification for Federal tax purposes."  The letter also reminded the Company about certain filing obligations that it had in connection with the Plan and listed the name, address, and phone number of a person to contact for information concerning the letter.

The District Director mailed a copy of the final determination letter to petitioner on the same day.  Enclosed with this copy was another letter from the District Director stating in relevant part:

---

[1] Section references are to the applicable provisions of the Internal Revenue Code.

Dear Mr. Finnell:

Thank you for your comments concerning this plan. Enclosed is a copy of a final determination letter that was issued for this plan.

Interested parties who make comments on a determination letter request may petition the U.S. Tax Court for a declaratory judgment regarding the determination if they disagree with the determination. If you wish to file such a petition, it must be made before 92 days after the date this letter was mailed to you.

On August 8, 1997, petitioner wrote a letter to the District Director stating that "This letter is to petition the U.S. Tax Court for a declaratory judgment regarding the determination on the Linscott, Haylett, Wimmer & Wheat (LHWW) P.C. 401(k) Profit Sharing Plan, as defined by your letter dated May 13, 1997." On August 20, 1997, petitioner mailed a letter to the Court stating that "This letter is to petition the U.S. Tax Court for a declaratory judgment regarding the determination on the Linscott, Haylett, Wimmer & Wheat (LHWW) P.C. 401(k) Profit Sharing Plan." We received petitioner's letter on August 26, 1997, and we filed it as a petition for declaratory judgment as to the status of the Plan.

## Discussion

In Calvert Anesthesia Associates-Pricha Phattiyakul, M.D., P.A. v. Commissioner, 110 T.C. ___ (1998), we recently held that section 7476(b)(5) requires that a petition for declaratory judgment be filed with the Court within 91 days of the issuance

of a final determination letter, and that equitable considerations do not allow us to extend this time period.  Thus, if petitioner did not file his petition with the Court within this 91-day period, we must dismiss this case for lack of jurisdiction.

We filed petitioner's petition 105 days after respondent mailed him a copy of the final determination letter that was issued to the Company on the same day.  Petitioner argues, however, that he mailed a "petition" to the Internal Revenue Service within the 91-day period, and that his "petition" qualifies as a petition to this Court.  Petitioner's argument must fail.  The United States Tax Court is a Federal tribunal that is separate, apart, and independent from the Internal Revenue Service.  As we have held repeatedly, the mere fact that a taxpayer such as petitioner may have sent written notification to the Internal Revenue Service of his intent to petition the Court for relief does not mean that he has filed a petition with us to effectuate his intent.  See, e.g., Cassell v. Commissioner, 72 T.C. 313 (1979); Axe v. Commissioner, 58 T.C. 256 (1972); Matteson Co. v. Commissioner, 1 B.T.A. 905 (1925); see also O'Connor v. Commissioner, T.C. Memo. 1994-16; Zee v. Commissioner, T.C. Memo. 1987-83; Hinman v. Commissioner, T.C. Memo. 1978-133; Garland v. Commissioner, T.C. Memo. 1971-79.

In sum, petitioner did not petition the Court for a declaratory judgment within the 91-day period of section 7476(b)(5). Thus, we must dismiss this case. To do so,

An appropriate order will be entered.