RAMNIK & MRUDULA TRIVEDI, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trivedi v. Comm'r
Docket No. 26468-10.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 64; 2013-1 U.S. Tax Cas. (CCH) P50,344; February 4, 2011, Decided
*64 Petitioner, Pro se.
For Respondent: Herson, Sarah A., Musen, Jordan Scott, Hampshire Road, East Pavilion, Thousand Oaks, CA.
John O. Colvin, Chief Judge.
John O. Colvin
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
The petition underlying the above-docketed proceeding was filed on November 29, 2010, and disputed matters with respect to petitioner's 1992 and 1993 taxable years. The petition referenced sections 6212, 6213, 6330, 7432, 7433, and 7442 of the Internal Revenue Code (I.R.C.) as the statutes on which the jurisdiction of the Tax Court was based and under which the case was filed. Attached to the petition was a notice of deficiency for tax years 1992 and 1993 dated February 23, 1996.
On January 20, 2011, respondent filed a Motion To Dismiss for Lack of Jurisdiction. The motion was made on the grounds: (1) That the petition in this case was not filed within the time prescribed by section 6213(a) or 7502, I.R.C., with respect to a deficiency for taxable years 1992 and 1993; (2) that the petition was not timely filed within the statutory period prescribed by sections 6320(c) and 6330(d), I.R.C., with respect to levy action(s) for 1992 and 1993; (3) that the petition was not timely filed *65 within the statutory period prescribed by sections 6320(c) and 6330(d), I.R.C., with respect to the filing of a Federal tax lien for 1992 and 1993; (4) that no notice of determination under section 6320 or 6330, I.R.C., to form the basis for a petition to this Court had been sent to petitioner Mrudula Trivedi with respect to the filing of a Federal tax lien for 1992 and 1993; (5) that no notice of determination under section 6015(e), I.R.C., to form the basis for a petition to this Court, had been sent to petitioner Mrudula Trivedi; (6) that respondent had made no other determination with respect to petitioners' 1992 and 1993 tax years that would confer jurisdiction on this Court; and (7) that this Court does not have jurisdiction over petitioners' claims under sections 7432 and 7433, I.R.C.
This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). In a case seeking the redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the issuance by the Commissioner of a valid notice of deficiency to the taxpayer. Rule 13(c), Tax Court Rules of Practice and Procedure; *66 Frieling v. Commissioner, 81 T.C. 42, 46 (1983). The notice of deficiency has been described as "the taxpayer's ticket to the Tax Court" because without it, there can be no prepayment judicial review by this Court of the deficiency determined by the Commissioner. Mulvania v. Commissioner, 81 T.C. 65, 67 (1983). Jurisdiction in a deficiency case likewise depends, in part, on the timely filing of a petition by the taxpayer. Rule 13(c), Tax Court Rules of Practice and Procedure; Brown v. Commissioner, 78 T.C. 215, 220 (1982). In this regard, section 6213(a), I.R.C., provides that the petition must be filed with the Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). The Court has no authority to extend this 90-day (or 150-day) period. Joannou v. Commissioner, 33 T.C. 868, 869 (1960). However, if the conditions of section 7502, I.R.C., are satisfied, a petition which is timely mailed may be treated as having been timely filed.
Similarly, this Court's jurisdiction to review certain collection activity by *67 the Internal Revenue Service (IRS) depends, in part, upon the issuance of a valid notice of determination by the IRS Office of Appeals under section 6320 or 6330, I.R.C. Secs. 6320(c) and 6330(d) (1), I.R.C.; Rule 330(b), Tax Court Rules of Practice and Procedure; Offiler v. Commissioner, 114 T.C. 492 (2000). Jurisdiction in a case seeking review of a determination under section 6320 or 6330, I.R.C., likewise depends, in part, on the timely filing of a petition by the taxpayer. Rule 330(b), Tax Court Rules of Practice and Procedure; McCune v. Commissioner, 115 T.C. 114 (2000). In this regard, section 6330(d) (1), I.R.C., specifically provides that the petition must be filed with the Tax Court within 30 days of the determination. The Court has no authority to extend this 30-day period. McCune v. Commissioner, supra at 117-118. Again, however, if the conditions of section 7502, I.R.C., are satisfied, a petition which is timely mailed may be treated as having been timely filed. As pertinent here, jurisdiction under section 6015(e), I.R.C., is also predicated in part on issuance of a determination by the IRS under that section or the failure by the IRS to issue such a determination within *68 6 months of a request for relief from joint and several liability on a joint return. Sec. 6015(e) (1) (A), I.R.C.
Concerning claims under sections 7432 and 7433, I.R.C., which statutes provide for awards of civil damages to taxpayers for improper failures to release a lien or for certain unauthorized collection actions, respectively, the Tax Court's limited jurisdiction operates as a complete bar. Those laws authorize aggrieved taxpayers to bring an action against the United States only in a U.S. District Court; conversely, the Tax Court is not given jurisdiction to hear such claims. Hence, these remedies will not be further addressed herein.
Petitioners were served with a copy of respondent's motion to dismiss and on January 31, 2011, filed an opposition thereto. Taken together, petitioners' statements in the petition and subsequent opposition, along with the explanations and supporting documentation provided via respondent's motion, afford the following portrayal of the nearly 20-year history of challenges and proceedings directed to petitioners' 1992 and 1993 tax years.
Petitioners timely filed their 1992 and 1993 returns on April 15 of 1993 and 1994, respectively. The returns were *69 later examined, and the examination culminated in the February 23, 1996, notice of deficiency attached to the petition. Petitioners responded on May 24, 1996, with the filing of a timely petition at docket No. 10359-96. That deficiency case, however, was dismissed on December 21, 1998, and a decision was entered in favor of respondent on account of petitioners' failure properly to prosecute. Petitioners' subsequent motion to vacate the order of dismissal and decision in that matter was denied on January 19, 1999. Respondent assessed the resultant deficiencies, penalties, and interest on May 31, 1999, an amount totaling in excess of $60,000.
On August 21, 2000, respondent then issued to petitioners a Final Notice -Notice of Intent To Levy and Notice of Your Right to a Hearing for the unpaid 1992 and 1993 liabilities. Petitioners timely requested a so-called Collection Due Process (CDP) hearing. At the same time, petitioners made a unilateral proposal to settle their taxes for a series of payments totaling $500 over the next four months. Petitioners made the payments and are now apparently under the impression that 1992 and 1993 were settled as of December 2000. During the hearing process *70 that followed during late 2001 and early 2002, petitioners declined to submit financial and other information pertinent to collection alternatives on the basis of their belief that the taxes had been settled. They merely continued to reference the settlement, and also raised a 1996 bankruptcy proceeding. On August 8, 2002, the IRS issued to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy action for 1992 and 1993. The notice explained both the failure to submit materials that would enable consideration of alternatives and the irrelevance of the bankruptcy proceeding given that discharge therein preceded assessment of the 1992 and 1993 taxes. Petitioners responded by mailing a copy of the determination to the IRS on August 17, 2002, with handwritten notations, again relying on their purported settlement. They did not file a petition with this Court at that time.
On May 5, 2003, the IRS issued to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for the unpaid 1992 and 1993 liabilities. On May 24, 2003, petitioner Ramnik Trivedi responded to the IRS with a letter *71 protesting the lien and once more relying on the purported $500 settlement. He also attached copies of earlier correspondence sent in connection with the levy proceeding. On January 8, 2004, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the lien filing for 1992 and 1993, was issued to Ramnik Trivedi. The notice noted that Ramnik Trivedi did not propose an acceptable collection alternative.
Ramnik Trivedi did not at that juncture respond with a timely petition to this Court.
IRS collection efforts have since continued, with a the filing, inter alia, of another Federal tax lien for 1992 and 1993 on March 26, 2010, and a further notice of levy for those years on October 21, 2010. Petitioners apparently sought further administrative or CDP consideration with respect to some of those efforts, but no proceedings were conducted.
As previously noted, the petition in this case was filed with the Court on November 29, 2010, and had been received in an envelope bearing a postmark dated November 22, 2010, which dates are over 14 years after the notice of deficiency for tax years 1992 and 1993 was mailed to petitioners. The 90-day statutory period *72 for filing a timely petition with respect to the notice of deficiency had expired in May of 1996. The petition was not filed within that period. Moreover, petitioners had already litigated a timely Tax Court case with respect to that notice, at docket No. 10359-96. That case is now closed and final, and principles of res judicata would apply. See Commissioner v. Sunnen, 333 U.S. 591, 597-598, 68 S. Ct. 715, 92 L. Ed. 898 (1948).
Similarly, the petition herein was mailed and filed more than eight years after the August 8, 2002, notice of determination concerning levy action was issued to petitioners for tax years 1992 and 1993. The petitioner likewise was mailed and filed nearly seven years after the January 4, 2004, notice of determination concerning lien filing was issued to petitioner Ramnik Trivedi. In both instances, the 30-day filing deadline had long since expired.
Furthermore, petitioners have neither cited nor provided any other notice from the IRS that could afford a basis for this Court to exercise jurisdiction over the pending matter. Of particular note in this connection are the regulations promulgated under sections 6320 and 6330, I.R.C., which provide: (1) A taxpayer is entitled to a CDP hearing with *73 respect to a notice of Federal tax lien filing for a specified tax and tax period only as to the first lien filing, sec. 301.6320-1(d), Proced. & Admin. Regs.; and (2) a taxpayer is entitled to only one CDP hearing with respect to levy for the specified tax and tax period shown on a notice of levy, sec. 301.6330-1(d), Proced. & Admin. Regs. Thus, although petitioners emphasize the recent 2010 notices related to lien and levy actions, those documents afford them no further rights before the IRS or this Court.
Also, to the extent that petitioners have sought at various times to communicate with the IRS about their concerns, although section 7502, I.R.C., allows a timely mailed petition to be treated as timely filed, that section mandates that the envelope bearing the petition be "properly addressed to the agency, officer, or office with which the document is required to be filed.". Sec. 7502 (a) (2) (B), I.R.C. A petition seeking judicial review of a collection determination must be filed with this Court and not the Internal Revenue Service or any other court. Sec. 6330(d) (1), I.R.C. Hence, the mailing (or faxing) of an appeal, petition, or other documentation, to the Internal Revenue *74 Service or any other entity is not sufficient to confer jurisdiction on this Court. Axe v. Commissioner, 58 T.C. 256 (1972). The statute is clear, and this Court must follow it. Estate of Cerrito v. Commissioner, 73 T.C. 896 (1980).
An additional point to which petitioners devote much attention in their petition and opposition is their contention that IRS collection actions violate applicable statutes of limitations. Suffice it to say, however, that petitioners are mistaken in their understanding of assessment and tolling as applicable here. Petitioners are advised that assessment of the 1992 and 1993 taxes occurred on May 31, 1999, not as they allege in 1996 with the issuance of the notice of deficiency. Then, as detailed in respondent's motion, tolling during their prior administrative CDP proceedings during the 2000 to early 2004 extended the limitations periods to permit the actions complained of here.
The Court has no authority to extend that period provided by law for filing a petition "whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period." Axe v. Commissioner, 58 T.C. 256, 259 (1972). Accordingly, since *75 petitioners have failed to establish that the instant petition as to 1992 and 1993 was mailed or filed within the required 90-day or 30-day periods as computed vis-a-vis the notice of deficiency or notices of determination they have been sent, or that any other notice sufficient to confer jurisdiction on this Court has been issued for those years, this case must be dismissed for lack of jurisdiction.
ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, filed January 20, 2011, is granted, and this case is dismissed for lack of jurisdiction.
/s/ John O. Colvin
Chief Judge
ENTERED: SERVED Feb042011