PEGGY S. HODGES, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hodges v. Commissioner
Docket No. 28147-84.
United States Tax Court
T.C. Memo 1987-340; 1987 Tax Ct. Memo LEXIS 340; 53 T.C.M. (CCH) 1326; T.C.M. (RIA) 87340; July 13, 1987
*340 Held: Respondent's Motion to Dismiss for Lack of Jurisdiction granted. Peggy S. Hodges, pro se. Michael D. Wilder, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed May 20, 1987. Respondent contends *341 that the petition herein was not filed within the period prescribed by section 6213(a) [1] and consequently this Court has no jurisdiction. On May 2, 1984, respondent mailed a statutory notice of deficiency to petitioner by certified mail at her last known address. Respondent determined a deficiency for petitioner's taxable year ended December 31, 1980, in the amount of $ 622. On August 6, 1984, 96 days after the mailing of the notice of deficiency, this Court received and filed the petition herein. The envelope in which the petition was enclosed was mailed from New York, N.Y., Church St. Sta. by certified mail, and was postmarked by a United States stamp August 1, 1984, 91 days after the deficiency notice was mailed. [2]
*342 Section 6213(a) provides in pertinent part that within 90 days after the notice of deficiency is mailed, the taxpayer may file a petition with this Court for a redetermination of the deficiency. Timely filing of the petition is jurisdictional. Galvin v. Commissioner,239 F.2d 166 (2d Cir. 1956). The 90-day period for timely filing a petition in this case expired Tuesday, July 31, 1984, which date was not a legal holiday in the District of Columbia. Section 7502 defines situations in which timely mailing will satisfy the timely filing requirement. If an envelope containing the petition shows a United States Post Office postmark that falls within the 90-day period, the petition generally is deemed to have been timely filed. Sec. 7502(a). The Secretary of the Treasury is authorized to make regulations prescribing the extent to which a certified mailing will substitute for a postmark date. Sec. 7502(c)(2). Respondent's regulations on this point provide: If the document is sent by United States registered mail, the date of registration of the document shall be treated as the postmark date. If the document is sent by United States certified mail and the sender's *343 receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of registered mail or certified mail. [Sec. 301.7502-1(c)(2), Proced. & Admin. Regs.] Applying these rules we must grant respondent's motion to dismiss because the petition in this case was neither filed nor mailed within the prescribed 90-day period. In her response to respondent's motion, petitioner suggests that we should begin counting the 90-day period from the date of receipt rather than the date of mailing of the notice of deficiency. We disagree. Section 6213(a) clearly states that the 90-day period begins with respondent's mailing of the statutory notice. Petitioner admitted that the notice was dated and mailed May 2, 1984, by the Manhattan District Director's Office and that she received it "a few days later." She had ample time remaining to prepare and file her petition. Petitioner also claims that respondent's motion is untimely. In her *344 reply to respondent's motion petitioner states: Furthermore, my petition was accepted by the U.S. Tax Court and acknowledged by them. The U.S. Tax Court has corresponded with me regarding my case, issued a docket number, etc. Therefore, the U.S. Tax Court has assumed responsibility in this matter and their jurisdiction is valid. A plea to the jurisdiction of a court of limited jurisdiction may be made at any time. French & Co. v. Commissioner,10 B.T.A. 665, 671 (1928). [3] See Rules 40 and 50. Respondent's motion is hereby granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The postmark is barely legible on the envelope. However, the envelope bears certified mail number P445 364 987. Respondent furnished a copy of a receipt for certified mail numbered P445 364 987 addressed to the U.S. Tax Court 20217, with a legible postmark from New York, N.Y., Church St. Sta., dated August 1, 1984. See sec. 301.7502-1(c)(2), Proced. & Admin. Regs. ↩
3. Followed in Hollister v. Commissioner,T.C. Memo. 1979-35↩.