115 T.C. No. 7


UNITED STATES TAX COURT


DAVID C. MCCUNE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2837-00L.                    Filed August 8, 2000.



        More than 30 days after receiving an adverse
Notice of Determination Concerning Collection Action(s)
Under Section 6320 and/or 6330, P sought judicial
review in a Federal District Court.  The petition was
dismissed for lack of subject matter jurisdiction.
More than 30 days after the order of dismissal, P
sought review in this Court.  <u>Held</u>:  Because P failed
to file his initial petition with the District Court
within 30 days of the notice of adverse determination,
his Tax Court petition is dismissed for lack of
jurisdiction.



David C. McCune, pro se

<u>Marty J. Dama</u>, for respondent.

OPINION

COHEN, Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6330(d)(1) or section 7502.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the time the petition in this case was filed, petitioner was a resident of Rockwall, Texas.

On January 27, 1999, a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing (CDP notice) was mailed to petitioner with respect to unpaid Federal income taxes, interest, and penalties for 1992 through 1994.  The CDP notice explained petitioner's right to a Collection Due Process hearing (CDP hearing) and provided him with a copy of Form 12153, Request for a Collection Due Process Hearing.  Petitioner requested and was granted a hearing.  On July 29, 1999, the Internal Revenue Service Office of Appeals (Appeals) issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  In that notice, it was determined that the proposed levy actions satisfied the requirements of sections 6631 and 6321 and the applicable administrative procedures.  On August 10,

1999, petitioner submitted a request for reconsideration of the adverse determination, but the request was denied on September 8, 1999.

On October 18, 1999, petitioner filed a petition with the U.S. District Court for the Northern District of Texas, seeking judicial review of the adverse determination. Respondent moved the District Court to dismiss for lack of jurisdiction, citing untimeliness and lack of subject matter jurisdiction. The District Court granted the motion to dismiss for lack of subject matter jurisdiction in an order dated January 25 and entered January 26, 2000. The Court stated:

> First, the government contends that McCune did not timely appeal the IRS determination because he filed suit in excess of thirty days after the IRS determination was issued. McCune responds by asserting that he filed a motion for reconsideration with the IRS, thereby tolling the limitations period. However, even if the limitations period was tolled by the filing of the motion for reconsideration, this court lacks subject matter jurisdiction to hear the case.
>
> District Courts have jurisdiction under section 6330 only if the Tax Court lacks jurisdiction. Clearly, the Tax Court had jurisdiction over this case because it concerns income taxes, despite McCune's contention that he is not a taxpayer. Moreover, this court does not have jurisdiction to hear McCune's complaint because the income taxes at issue have not been paid in full. * * *

The order of dismissal was served on petitioner at his private mail box, the address he provided for the record. Petitioner received the order a few days thereafter when he picked up his mail.

On March 1, 2000, petitioner mailed a petition to the Tax Court that was received and filed on March 6, 2000. The petition seeks review of respondent's July 29, 1999, determination.

Section 6330 generally provides that the Internal Revenue Service cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter in the form of a CDP hearing. See sec. 301.6330-1T, Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3407 (Jan. 22, 1999). See generally Goza v. Commissioner, 114 T.C. 176, 179-182 (2000).

Section 6330(d)(1) provides:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

In this case, petitioner challenged the CDP notice and requested a CDP hearing. Appeals determined, on July 29, 1999, that the CDP notice and proposed levy actions satisfied sections

6631 and 6321 and the applicable administrative procedures.  That

determination triggered the 30-day period within which petitioner

could seek judicial review.  Section 301.6330-1T(f)(2), Temporary

Proced. & Admin. Regs., Fed. Reg. 3412 (Jan. 22, 1999), provides:

> (f)(2) Questions and answers.  The questions and answers illustrate the provisions of this paragraph (f) as follows:

> \*      \*      \*      \*      \*      \*      \*

> A-F3.  If the Tax Court would have jurisdiction over the type of tax specified in the CDP Notice (for example, income and estate taxes), then the taxpayer must seek judicial review by the Tax Court. * * *

> Q-F4.  What happens if the taxpayer timely appeals Appeals's determination to the incorrect court?

> A-F4.  If the court to which the taxpayer directed a timely appeal of the Notice of Determination determines that the appeal was to the incorrect court (because of jurisdictional, venue or other reasons), the taxpayer will have 30 days after the court's determination to that effect within which to file an appeal to the correct court.  [Emphasis added.]

Petitioner filed his initial appeal with the District Court more

than 30 days after the notice of adverse determination.

Petitioner then filed a petition in this Court more than 30 days

after the order of dismissal by the District Court.

Respondent's position is that the untimeliness of the

petition to the District Court renders inapplicable the

additional 30-day period set forth in section 6330(d)(1) where an

appeal is initially to an incorrect court and, in any event, the

petition was untimely in this Court because not filed within the

30-day period after dismissal by the District Court.  Petitioner argues that his time to file in the District Court was extended by his request for reconsideration and that his time to file in this Court should run from the date that he received the order of dismissal from the District Court.

Section 6330(d)(1) provides for appeal within 30 days of the Appeals Office determination and an additional 30 days after a court determination that the appeal was to an incorrect court. The statutory periods are jurisdictional and cannot be extended. See, e.g., Joannou v. Commissioner, 33 T.C. 868, 869 (1960); Hodges v. Commissioner, T.C. Memo. 1987-340.  A fortiori, they cannot be extended by petitioner's unilateral action in requesting reconsideration or in deciding when to pick up his mail.

Petitioner's case in the District Court was not filed within 30 days of the July 29, 1999, notice of determination (or even within 30 days of the denial of his request for reconsideration). An untimely filing in an incorrect court could not extend the time to file in the correct court.  A subsequent untimely filing in the correct court clearly must be dismissed.

To reflect the foregoing,

An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.