T.C. Memo. 2002-15


UNITED STATES TAX COURT


FRANKLIN A. OGDEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3343-01L.                    Filed January 15, 2002.


Franklin A. Ogden, pro se.

<u>Gerald W. Douglas</u>, <u>Karen Baker</u> and <u>Peter Reilly</u>, for
respondent.

MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This collection review
case is before the Court on respondent's motion to dismiss for
lack of jurisdiction.  As explained in detail below, we shall
grant respondent's motion to dismiss.[1]

---

[1]  Unless otherwise indicated, section references are to
sections of the Internal Revenue Code, as amended, and Rule
(continued...)

Background

On July 8, 1999, respondent mailed to petitioner a Final Notice Of Intent to Levy and Notice of Your Right To A Hearing requesting that petitioner pay his delinquent income taxes for the taxable year 1984. Petitioner responded by filing with the Internal Revenue Service Office of Appeals (Appeals Office) a request for an administrative hearing.

By letter dated January 31, 2000, Appeals Officer Jose Gonzales directed petitioner to contact him by February 14, 2000, for the purpose of scheduling an administrative hearing. On February 7, 2000, Appeals Officer Gonzales received a letter from Gary Arthur DeMott (Mr. DeMott), identified in the letter as petitioner's representative, stating that petitioner intended to challenge his underlying tax liability for 1984. By letter dated February 14, 2000, Appeals Officer Gonzales informed petitioner that he had received a letter from Mr. DeMott, that Mr. DeMott was not duly authorized to represent petitioner, and that "If I do not hear from you and you do not provide additional evidence or make arrangements to pay the tax for 1984 before February 24, 2000, I will send you a determination letter providing your judicial rights."

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to sec. 7443A(b)(4).

On April 19, 2000, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330 (notice of determination) concerning his 1984 tax liability. The determination letter informed petitioner that he would have 30 days to contest the matter by filing a petition with the Tax Court.

On May 17, 2000, petitioner filed a "Petition for Judicial Review" in the U.S. District Court for the District of Idaho, assigned docket No. CV00-266-N-EJL, challenging the notice of determination. On December 20, 2000, the District Court issued an order dismissing the case for lack of jurisdiction. The order stated that petitioner would have 30 days to file a petition for review with the Tax Court.

On January 23, 2001, petitioner instituted a second action in the District Court by filing a "Complaint And Request For Judicial Review Of Administrative Action", assigned docket No. CV01-35-N-EJL, again challenging the notice of determination. On February 8, 2001, the District Court issued an order dismissing the case for lack of jurisdiction. The order again stated that petitioner would have 30 days to file a petition for review with the Tax Court.

On March 14, 2001, the Court received and filed a Petition For Lien Or Levy Action Under Code Sections 6320(c) Or 6330(d)

challenging the notice of determination.[2]  The petition arrived in an envelope bearing a U.S. Postal Service postmark dated March 9, 2001.  In response to the petition, respondent filed a motion to dismiss for lack of jurisdiction asserting that the petition was not filed with the Court within 30 days of the District Court's order of dismissal issued December 20, 2000.

Petitioner filed an objection to respondent's motion to dismiss asserting that:  (1) His petition was filed with the Court within 30 days of the District Court's order of dismissal issued February 8, 2001; and (2) respondent failed to conduct an administrative hearing in this case.

This matter was called for hearing at the Court's motions session held in Washington, D.C.  Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss.  Although no appearance was entered by or on behalf of petitioner at the hearing, petitioner filed with the Court a written statement and a supplemental written statement pursuant to Rule 50(c).[3]  Petitioner repeated his argument that

---

[2]  At the time the petition was filed, petitioner resided in Sagle, Idaho.

[3]  Before the hearing, the Court summarily denied petitioner's motion for hearing to determine real parties in interest.  The motion was replete with frivolous arguments and, among other things, asserted:

> Natural person petitioner, Franklin A. Ogden therefore requests a hearing wherein respondent must declare via a sworn statement, subject to the penalty

(continued...)

his petition was timely filed, and, in the alternative, requested that the Court direct respondent to provide him an administrative hearing.

Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for persons in tax collection matters. Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with collection by way of a lien or levy action until the person has been given notice and the opportunity for an administrative review of the matter (in

<hr>

[3](...continued)
of perjury under the laws of the United States, whether it is the legal fiction FRANKLIN A. OGDEN, respondent is asserting a tax liability for the 1984 tax year, or is respondent asserting that natural person Franklin A. Ogden has a tax liability for the 1984 tax year.

the form of an Appeals Office hearing), and if dissatisfied, with judicial review of the administrative determination.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, <u>supra</u>.

Where the Appeals Office issues a determination letter to the person following an administrative hearing regarding a lien or levy action, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the person will have 30 days following the issuance of the determination letter to file a petition for review with the Tax Court or a Federal District Court.  See <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000).  Section 6330(d)(1) provides:

SEC. 6330(d).  Proceeding After Hearing.--

     (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

          (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or

          (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

See McCune v. Commissioner, 115 T.C. 114 (2000) (dismissing a petition for lack of jurisdiction where the taxpayer failed to file his initial petition for review with the Federal District Court within the 30-day period).

We have held that the Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a determination letter and the filing of a timely petition for review.  See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, supra at 498.

In the instant case, petitioner erroneously filed his initial petition with the District Court.  On December 20, 2000, the District Court issued an order dismissing the petition for lack of jurisdiction and informing petitioner that he would have 30 days from the date of the order to file a petition with the Tax Court.  Petitioner again failed to file a petition for review

with this Court and instead filed a second action in the District Court. Petitioner mailed a petition for review to this Court within 30 days after the District Court issued its order dismissing the second action for lack of jurisdiction.

Section 6330(d)(1) provides in unambiguous terms that "If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court." The 30-day period within which petitioner had to file a petition for review with the Court began to run on December 20, 2000--the date the District Court issued its order dismissing petitioner's initial action for lack of jurisdiction. Petitioner's position that the 30-day period should be measured from the date the District Court issued its order dismissing his second action would thwart the plain language of the statute and Congress's intent that collection review proceedings be instituted within a fixed and relatively limited time. In this connection, we have stated on numerous occasions that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). We have held that the statutory periods set forth in section 6330 are jurisdictional and cannot be extended. See McCune v. Commissioner, supra at 117; cf. Kennedy v.

<u>Commissioner</u>, 116 T.C. 255, 262 (2001) (holding that the Commissioner may not waive the time restrictions imposed in section 6330).

On the basis of the foregoing, we hold that we lack jurisdiction inasmuch as the petition was not timely filed with the Court. Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction.

Petitioner also contends that the Appeals Office issued the notice of determination without conducting an administrative hearing. In <u>Lunsford v. Commissioner</u>, 117 T.C. 159, 164 (2001), we recently held that we shall not look behind a notice of determination to consider whether the Appeals Office conducted an administrative hearing. Consistent with our holding in <u>Lunsford</u> we hold that the notice of determination issued to petitioner is valid.

We have considered petitioner's remaining arguments and find them to be meritless.

To reflect the foregoing,

<u>An order of dismissal</u>

<u>for lack of jurisdiction</u>

<u>will be entered</u>.