T.C. Memo. 2002-262


UNITED STATES TAX COURT


LARRY LEE SCHAKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3043-02L.                    Filed October 10, 2002.


    Larry Lee Schake, pro se.

    <u>Lisa K. Hartnett</u> and <u>Richard Charles Grosenick</u>, for
respondent.



MEMORANDUM OPINION


    ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion To Dismiss For Lack Of Jurisdiction on the
ground that the petition was not filed within the 30-day period

prescribed in section 6330(d)(1)(A).[1]  As explained below, we shall grant respondent's motion to dismiss.

Background

On or about April 17, 2000, Larry Lee Schake (petitioner) filed with respondent a Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for the taxable year 1999 (petitioner's 1999 return).  Petitioner listed his address on his 1999 return as P.O. Box 43, Amherst, Nebraska 68812 (the Amherst address).  Petitioner's 1999 return is the most recently filed return as relevant herein.

On September 11, 2000, respondent mailed to petitioner a Notice Of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 with regard to his income tax liability for 1993. Respondent mailed the notice to petitioner at the Amherst address.

On October 2, 2000, petitioner mailed to respondent a request for an administrative hearing on which he twice listed the Amherst address as his return address.[2]  On July 6, 2001, petitioner attended an administrative hearing at respondent's Appeals Office in Omaha, Nebraska.

On December 11, 2001, respondent sent to petitioner by

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

[2]  Likewise, the envelope in which petitioner mailed his request for a hearing reflected the Amherst address.

certified mail a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. Respondent mailed the notice to petitioner at the Amherst address. The notice of determination informed petitioner that if he wanted to dispute respondent's determination in court, then he must file a petition with the Tax Court "within 30 days from the date of this letter."

On February 7, 2002, the Court received and filed a Petition for Lien or Levy Action Under Code Sections 6320(c) or 6330(d). The petition arrived at the Court in a properly addressed envelope bearing a U.S. Postal Service postmark date of January 11, 2002. The petition, as well as the envelope in which the petition was mailed, lists petitioner's address as the Amherst address.

As indicated, respondent moved to dismiss the petition for lack of jurisdiction on the ground the petition was not timely filed. Petitioner filed an objection to respondent's motion to dismiss. Although the objection does not list petitioner's address, the envelope in which the objection was mailed to the Court lists the Amherst address.

Petitioner's objection states in pertinent part as follows:

Enclosed postal receipt shows that the U.S. Postal service had difficulty in contacting Mr. Schake.[3] Therefore notice was not sent to my current address. It was sent to my mother's address, and I didn't receive the notice until Jan 8th 2002.

I called the court and they said I had time to file for a hearing.  At this time I was living in the country sixteen miles for the nearest postal service.  When it was time to mail in the petition there was a severe winter storm and the roads were closed Jan. 9th and 10th.  I contacted the court and they allowed me a grace period due to the impossible road conditions.

Respondent filed a response to petitioner's objection asserting that the notice of determination was mailed to petitioner's last known address.

This matter was called for hearing at the Court's motions session held in Washington, D.C.  Counsel for respondent appeared at the hearing and offered argument in support of the motion to dismiss.  There was no appearance by or on behalf of petitioner.

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends on the issuance of a notice of determination and the filing of a timely petition for review.  See Sarrell v. Commissioner, 117

---

[3]  No postal receipt or other exhibit was enclosed with, or attached to, petitioner's objection as received by the Court.

T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

When respondent issues a notice of determination to a person following an administrative hearing regarding a lien or levy action, sections 6320(c) (by way of cross-reference) and 6330(d)(1) provide that the person will have 30 days following the issuance of such notice to file a petition for review with the Tax Court or the Federal District Court, as appropriate.[4] Offiler v. Commissioner, supra at 498; see McCune v. Commissioner, 115 T.C. 114 (2000) (dismissing a petition for lack of jurisdiction where the taxpayer failed to file his initial petition for review with the Federal District Court within the 30-day period).

---

[4] Sec. 6330(d)(1) provides:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

Petitioner challenges the validity of the notice of determination on the ground that it was not mailed to his "correct address". The record shows otherwise. Specifically, the notice of determination was mailed to the same address that petitioner listed as his return address both on his request for an administrative hearing and in the petition that he filed with the Court. Petitioner has not identified any other address to which the notice of determination should have been mailed. Accordingly, we conclude that the notice of determination was mailed to petitioner at his last known address. See secs. 6320(a)(2)(C), 6330(a)(2)(C); see also Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); sec. 301.6212-2, Proced. & Admin. Regs.

Under the circumstances, the issue remaining for decision is whether the petition was timely filed. The record shows that respondent mailed the notice of determination to petitioner on December 11, 2001. Consequently, the 30-day period for filing a timely petition with the Court expired on Thursday, January 10, 2002, a date that was not a legal holiday in the District of Columbia. The petition in this case was received and filed by the Court on February 7, 2002, and arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of January 11, 2002. Because the petition was mailed to the Court one day after the expiration of the 30-day filing period, it follows that

we must dismiss this case for lack of jurisdiction.  See <u>McCune</u>
<u>v. Commissioner</u>, <u>supra</u>.

As a final matter, petitioner asserts that he was unable to
file a timely petition with the Court due to inclement weather in
Nebraska and that he was informed by Court personnel that he
would be given a grace period to file his petition.  It is well
settled that the Court has no authority to extend the statutory
period for filing a timely petition "whatever the equities of a
particular case may be and regardless of the cause for its not
being filed within the required period."  <u>Axe v. Commissioner</u>, 58
T.C. 256, 259 (1972); see <u>Ogden v. Commissioner</u>, T.C. Memo. 2002-
15 (holding that the statutory periods in section 6330 are
jurisdictional and cannot be extended); cf. <u>Kennedy v.</u>
<u>Commissioner</u>, 116 T.C. 255, 262 (2001) (noting that the
Commissioner may not waive the time restrictions imposed by
section 6330).  Further, petitioner has made no showing
whatsoever, nor does the record suggest, that the filing deadline
for his petition was postponed by reason of a presidentially-
declared disaster related to inclement weather.  See sec. 7508A
and sec. 301.7508A-1, Proced. & Admin. Regs., regarding the
Commissioner's authority to postpone certain deadlines by reason
of presidentially declared disasters or terroristic or military
actions.

To reflect the foregoing,

<u>An order of dismissal for</u> <u>lack of jurisdiction will be</u> <u>entered</u>.