Lori Lynn RENDER, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

No. 02–73305.

United States District Court,
E.D. Michigan,
Southern Division.

March 12, 2004.

Lori Lynn Render, Manchester, MI, Pro
se.

Elizabeth Lan, U.S. Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

ROSEN, District Judge.

### I. INTRODUCTION

Plaintiff Lori Lynn Render, proceeding *pro se*, commenced this suit in this Court on August 14, 2002, challenging a determination by the Defendant Internal Revenue Service ("IRS") that Plaintiff is liable for a Trust Fund Recovery Penalty ("TFRP") assessed against her as an officer of Renbro Corporation.[1] Defendant has responded by bringing a motion to dismiss this case for lack of jurisdiction, citing Plaintiff's commencement of this suit *before* the beginning of the 30–day statutory period for filing. For the reasons set forth below, the Court denies Defendant's motion.

### II. FACTUAL AND PROCEDURAL BACKGROUND

For present purposes, the underlying basis for Plaintiff's challenge is largely immaterial, and only the procedural background is relevant to Defendant's motion. On August 1, 2001, the IRS issued to Plaintiff a "Final Notice—Notice of Intent to Levy and Notice of Your Right to a Hearing" in which Plaintiff was advised that the IRS intended to assert a federal tax lien against her property to collect $40,069.64 in unpaid taxes. Plaintiff timely responded to this notice within 30 days, submitting an August 20, 2001 request for a collection due process hearing.

This hearing was held on January 24, 2002, and Plaintiff was notified about three months later that her administrative appeal was denied. Specifically, on April 22, 2002, the IRS Appeals Office issued a "Notice of Determination" advising Plaintiff of the unfavorable outcome of her appeal. This letter further stated:

> If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

> The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

> If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below . . . .

(Defendant's Motion, Ex. D, 4/22/2002 Notice of Determination at 1.)

Plaintiff acted promptly in response to this notice, albeit in the wrong forum. In particular, on May 21, 2002, within the 30–day limit, Plaintiff commenced an appeal in U.S. Tax Court, requesting a "court date for redetermination" of the IRS's unfavorable decision. (Defendant's Motion, Ex. E.) The IRS responded by filing a July 19, 2002 motion to dismiss, arguing that the Tax Court lacked jurisdiction over Plaintiff's underlying tax liability, and that the proper forum for Plaintiff's challenge was the U.S. District Court.

On July 24, 2002, the Tax Court issued a "Notice of Filing," alerting Plaintiff that the IRS had filed a motion to dismiss for lack of jurisdiction, and setting a deadline of August 13, 2002 for Plaintiff to file a response to this motion. Plaintiff did not

---

1. Although Plaintiff named the IRS as the Defendant, the United States is the proper party. *See, e.g., Carelli v. Internal Revenue Service,* 668 F.2d 902, 904 (6th Cir.1982); *Deleeuw v. Internal Revenue Service,* 681 F.Supp. 402, 403–04 (E.D.Mich.1987).

respond to this motion, however. Instead, she commenced this case in this Court on August 14, 2002, once again challenging the unfavorable decision of the IRS Appeals Office.

The Tax Court ruled on the IRS's unopposed motion on September 24, 2002, holding that it lacked jurisdiction over Plaintiff's underlying tax liability. The Tax Court concluded, therefore, that Plaintiff had appealed "to the incorrect court," and it reminded Plaintiff of the statutory provision granting her "a 30–day period for filing an appeal with the correct Federal District Court." (Defendant's Motion, Ex. G, Tax Court 9/24/2002 Order.)

By the time of this Tax Court ruling, of course, Plaintiff had already commenced this action. Through its present motion, Defendant argues that this premature filing operated to divest this Court of subject matter jurisdiction to hear this case. Accordingly, Defendant requests dismissal of this action under Fed.R.Civ.P. 12(b)(1).

### III. *ANALYSIS*

The procedural record in this case establishes beyond dispute that Plaintiff's initial court challenge to the IRS's determination, while timely, was commenced in the wrong forum—specifically, the Tax Court rather than the District Court. It is equally evident, however, that this initial misfiling was not fatal to Plaintiff's challenge. Rather, as indicated in the above-quoted materials sent to Plaintiff by the IRS Appeals Office and the Tax Court, section 6330(d)(1) of the Internal Revenue Code expressly provides an opportunity to cure a submission to the wrong court:

**Judicial review of determination.—** The person may, within 30 days of a determination under this section, appeal such determination—

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

26 U.S.C. § 6330(d)(1).

In its present motion, Defendant seizes upon the statutory language providing that the 30–day opportunity to cure commences only *"after"* a court determination that a challenge has been made in the wrong court. Here, it is undisputed that Plaintiff did not commence her present appeal within this 30–day statutory window. Rather, by the time the Tax Court ruled on September 24, 2002 that Plaintiff's appeal was properly directed to the District Court, Plaintiff *already* had brought the present action, and she did not take any steps within the 30–day period after the Tax Court's ruling to "restart" this suit (whatever that might entail) or commence a new appeal.

In arguing that Plaintiff's premature filing is insufficient to preserve her right to judicial review, Defendant relies on notions of sovereign immunity. In particular, it is a familiar principle that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (internal quotations and citation omitted). Moreover, the plaintiff bears the burden of establishing that the federal government has given its consent to be sued. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir.1993).

The courts have construed § 6330(d)(1) of the Internal Revenue Code

as a limited waiver of sovereign immunity in favor of taxpayers who disagree with the outcome of a collection due process hearing. *See, e.g., Thompson v. United States,* 2003 WL 1874743, at *1 (N.D.Ga. Feb. 11, 2003); *Wagner v. United States,* 2002 WL 31476652, at *2 (D.Nev. Aug. 15, 2002). As such, any suit must be brought in strict compliance with the terms of the statute, including its 30–day limit for seeking judicial review. *See McNeil v. United States,* 2002 WL 507821, at *4 (W.D.Mich. Mar. 7, 2002). This 30–day limit has consistently been held to be jurisdictional in nature. *See, e.g., McNeil,* 2002 WL 507821, at *1–2; *Walz v. United States,* 2002 WL 523880, at *2 (D.Minn. Mar. 22, 2002); *McCune v. Commissioner of Internal Revenue,* 115 T.C. 114, 117, 2000 WL 1101037 (2000). Accordingly, Defendant argues that subject matter jurisdiction is lacking here by virtue of Plaintiff's failure to commence this suit strictly within the 30–day period following the Tax Court's September 24, 2002 ruling that Plaintiff had initially filed in the wrong court.

As a threshold matter, the Court observes that Defendant has failed to cite any authority for the precise proposition it advances in this case. All of the decisions cited in Defendant's motion involved filings *after* the 30–day period set forth in § 6330(d)(1). *See, e.g., McNeil,* 2002 WL 507821, at *1; *Walz,* 2002 WL 523880, at *1–2; *McCune,* 115 T.C. at 115–16. Neither Defendant nor this Court's own research has disclosed a case in which a suit brought *before* the commencement of the statutory 30–day period has been dismissed for lack of subject matter jurisdiction.

■ Indeed, Defendant candidly acknowledges that the most analogous authority tends to suggest that Plaintiff's premature filing should be accepted as sufficient to preserve her right to judicial review. In particular, under Federal Rule of Appellate Procedure 4(a)(2), a premature notice of appeal may be treated, under appropriate circumstances, as "filed on the date of and after the entry" of the underlying judgment or order being appealed. The Supreme Court has explained that this provision is "intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 276, 111 S.Ct. 648, 652–53, 112 L.Ed.2d 743 (1991).

This rationale seemingly is applicable here, where a *pro se* Plaintiff reasonably could have viewed the IRS's motion to dismiss in the Tax Court as a strong indication that she had filed in the wrong court, and that the District Court instead was the proper forum. Rather than opposing or concurring in the IRS's motion, and then waiting for a Tax Court ruling on this matter, Plaintiff commenced the present suit in this Court, which all are agreed is the proper forum for judicial review of the challenged IRS determination. By the time the Tax Court confirmed that Plaintiff should pursue the matter before the District Court, this action had already been commenced. An unskilled litigant such as Plaintiff readily could have concluded that no further steps were necessary to heed the Tax Court's warning of a "30–day period for filing an appeal with the correct Federal District Court." (Defendant's Motion, Ex. G, 9/24/2002 Tax Court Order.)

Nonetheless, Defendant suggests two reasons why the principle embodied in Fed. R.App. P. 4(a)(2) should be deemed inapplicable here. First, Defendant argues that the liberality reflected in this Rule should not carry over to the context of sovereign immunity, where waivers of

this immunity are to be strictly construed. Yet, the Supreme Court recognized in *FirsTier Mortgage* that appellate jurisdiction is not an open-ended and boundlessly malleable dominion, and that the courts are not free to construe the Federal Rules of Appellate Procedure in a way that expands their jurisdiction beyond statutory limits. *See FirsTier Mortgage,* 498 U.S. at 274–75, 111 S.Ct. at 652. Rather, the Court interpreted Rule 4(a)(2) as merely permitting the "relat[ion] forward" of a premature notice of appeal of a decision that subsequently is embodied in an appealable judgment or order. 498 U.S. at 275, 111 S.Ct. at 652. Likewise, Plaintiff here merely seeks the relation forward of a premature appeal which, if filed within the statutory 30–day period following the Tax Court's ruling, unquestionably would lie within this Court's subject matter jurisdiction.

Defendant next contends that Plaintiff's premature commencement of this case is not the sort of "reasonable mistake" by an "unskilled litigant" that is contemplated in Rule 4(a)(2). In *FirsTier Mortgage,* for example, the Court observed that this Rule would not "permit[ ] a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure—to serve as a notice of appeal from the final judgment," because "[a] belief that such a[n interlocutory] decision is a final judgment would *not* be reasonable." *FirsTier Mortgage,* 498 U.S. at 276, 111 S.Ct. at 653. Defendant maintains that Plaintiff's premature filing here is akin to the unreasonable mistake posited in *FirsTier Mortgage,* where the Tax Court had not yet issued any sort of ruling or decision on the IRS's motion to dismiss, but had merely issued a notice reflecting the filing of the IRS's motion and setting a date for Plaintiff to respond. Defendant contends that this Tax Court notice was hardly the sort of "writing on the wall" that obviously presaged a forthcoming order of dismissal.

■ The Court is not persuaded by this attempted analogy to *FirsTier Mortgage*'s example of an unreasonable mistake. The Supreme Court's hypothetical presented a truly "apples to oranges" scenario, where an appeal from a purely interlocutory decision is pressed into service as an appeal from a subsequent final judgment. In such a situation, it would "catch the appellee by surprise" to allow appellate review of the judgment. *FirsTier Mortgage,* 498 U.S. at 276, 111 S.Ct. at 653. Here, in contrast, there is a much closer fit between the issue raised in the IRS's motion to dismiss—*i.e.,* that the Tax Court lacked jurisdiction over Plaintiff's appeal—and the Tax Court's subsequent order of dismissal, which adopted the position set forth in the IRS's motion. While the federal government plainly cannot be deemed to have waived its sovereign immunity whenever there is an absence of prejudice or surprise, there is no concern or claim here that Plaintiff's premature commencement of this suit engendered any form of uncertainty or surprise as to the nature or scope of her appeal.

Moreover, the entire set of circumstances here is indicative of an unskilled litigant's mistaken judgment about the proper course of action. Upon reviewing the IRS's motion to dismiss in the Tax Court and determining that it was well-founded, a seasoned litigant undoubtedly would have stipulated to the dismissal of the Tax Court proceeding, and only then commenced an action in the District Court. Instead, Plaintiff skipped over these usual steps, and proceeded directly to this Court. There was no conceivable strategic advantage to be gained through this course of action, so it can only be assumed that Plaintiff acted out of an innocent but mistaken belief that the IRS's motion *was* the

writing on the wall, foretelling the certain progression of this matter to the District Court. This case, in short, seems to fit comfortably within *FirsTier Mortgage*'s discussion of a "reasonable mistake" by an "unskilled litigant."

Admittedly, though, *FirsTier Mortgage* is relevant here only by analogy, and offers no direct guidance on the specific issue presented in Defendant's motion. Accordingly, the Court returns to the language of § 6330(d)(1) itself, which affords a 30–day period "after [a] court determination" to re-file an appeal "with the correct court." Plaintiff undeniably failed to comply with the strict terms of this statute, as she did not wait until "after" the Tax Court's ruling to commence suit in this Court. Just as clearly, however, Plaintiff's course of action comported with the obvious intent of the statute—namely, to provide only a limited window of opportunity to cure a mistaken filing with the wrong court. Presumably, Plaintiff had no argument to offer against the IRS's contention that the Tax Court lacked jurisdiction over her appeal. No statutory purpose would have been advanced if Plaintiff had awaited a formal Tax Court ruling on this point before commencing this action.

More importantly, practical considerations weigh decisively against the position urged in Defendant's motion. Even conceding that Plaintiff was mistaken in prematurely filing this suit before the Tax Court had acted upon the IRS's motion to dismiss, Defendant wholly fails to suggest what Plaintiff might have done to correct this error. Would it have sufficed, for example, for Plaintiff to have filed some sort of amended pleading in this case within the statutory 30–day period after the Tax Court's ruling? Or, would Plaintiff instead have been required to dismiss this case entirely, and then immediately commence another suit within the 30–day window? In this Court's view, either of these curative actions, or any other that might be imagined, would exalt form over substance, resulting in needless filings that would leave the parties in precisely the same position they now occupy. The Court declines to construe § 6330(d)(1) as rigidly demanding such meaningless procedural formalities.

Indeed, even if the Court were to grant Defendant's motion, the parties might soon find themselves in precisely the same situation. Any such dismissal for lack of subject matter jurisdiction necessarily would be without prejudice. In that event, a persuasive argument could be made that the statutory 30–day period of limitation would have been tolled while this suit was pending. Section 6330 itself, for example, mandates the suspension of various periods of limitation while certain proceedings, including appeals, are pending. *See* 26 U.S.C. § 6330(e)(1); *cf. O'Neill v. United States,* 44 F.3d 803 (9th Cir.1995) (according the IRS the benefit of a similar tolling provision where a period of limitation expired during a Tax Court proceeding which was dismissed for lack of jurisdiction). Arguably, then, even if Defendant's motion were granted, Plaintiff would still have a full 30–day opportunity to re-file her appeal with this Court. This confirms the Court's view that Plaintiff's appeal under § 6330(d)(1) is not defeated by her premature filing.

In so ruling, the Court recognizes that even *pro se* litigants are bound to adhere to all statutory limitations and requirements that Congress has seen fit to impose. The Court certainly would not condone, for example, simultaneous filings in the Tax and District Courts that are intended to "cover all the bases." The circumstances presented here, however, simply do not give rise to any such suspicions of deliberate manipulation, and in no way suggest that Plaintiff sought to bypass the

process mandated in § 6330(d)(1). Rather, the most that can be said is that Plaintiff should have expressly concurred in the IRS's motion in the Tax Court, and then awaited a formal order of dismissal in that proceeding before commencing this suit. These circumstances bespeak an innocent error by an unskilled litigant, and the Court declines to construe § 6330(d)(1) so rigidly as to defeat Plaintiff's right of appeal as a result of an honest mistake that has caused no conceivable prejudice to the opposing party.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's December 18, 2002 Motion to Dismiss is DENIED.