T.C. Memo. 2007-7


UNITED STATES TAX COURT


KENNETH N. HEADLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24891-04L.              Filed January 10, 2007.


        The Internal Revenue Service (IRS) issued final
notices of intent to levy for a number of taxable
years, but P requested an IRS Appeals Office hearing
(hearing) under sec. 6330, I.R.C., for only one of
these years--2000.  Upon P's failure to participate in
the granted hearing, an IRS Appeals officer made a
determination as provided for in sec. 6330, I.R.C.,
that the IRS could proceed with collection of P's year
2000 income tax liability.  In due course, R issued a
Notice of Determination Concerning Collection Action(s)
Under Section 6320 and/or 6330 regarding that action.

        P filed a complaint appealing the determination
with the U.S. District Court.  The District Court
dismissed the complaint sua sponte after P failed to
serve the defendant (the United States).  P then filed
a petition with the Tax Court within 30 days of the
District Court's dismissal of the Complaint, claiming
that the District Court's dismissal constituted a
determination by the District Court that the appeal was

to the wrong court and that P was entitled to 30 days within which to file with the correct court, as provided in sec. 6330(d)(1), I.R.C.

R asserts that this Court lacks jurisdiction over the year 2000 because the petition was not timely filed. R also asserts that this Court is without jurisdiction as to the remaining years since no determination letters were issued as to those years.

Held: Because the District Court's sua sponte dismissal of P's complaint after P's failure to serve the defendant was not a determination under sec. 6330, I.R.C., that the appeal was to an incorrect court, P's petition to this Court was not timely. Held, further, this Court lacks jurisdiction over the remaining years because R did not issue determination letters as to those years.

Kenneth N. Headley, pro se.

Charles J. Graves, for respondent.

MEMORANDUM OPINION

NIMS, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that this Court lacks jurisdiction (1) for the years 1996, 1997, 1998, 1999, and 2001 because no notices of determination were issued for those years; and (2) for the year 2000 because the petition was not timely filed with this Court for reasons hereinafter explained. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code.

## Background

At the time he filed the petition in this case, petitioner resided in Tijeras, New Mexico.

Respondent issued final notices of intent to levy with respect to 1996 to 1999, inclusive, on February 23, 2003. Respondent issued no notices of determination for 1996, 1997, 1998, 1999, and 2001. Respondent issued a final notice of intent to levy for 2000 on the same date, and petitioner timely requested an Internal Revenue Service (IRS) Appeals Office hearing (hearing) under section 6330 for the year 2000 only.[1] Respondent offered petitioner several options for the year 2000

---

[1]Sec. 6330(d)(1) was amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(a), 120 Stat. 1019, effective for determinations made after the date which is 60 days after Aug. 17, 2006, to provide, in effect, that the Tax Court shall have jurisdiction for appeals from all determinations made under sec. 6330. Before the amendment, and as applicable to this case, sec. 6330(d)(1) provided:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

hearing, but petitioner insisted that his rights were being violated by his not being allowed to tape-record the hearing. Petitioner never participated in a hearing, and an Appeals officer subsequently made a determination. Respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) dated October 23, 2003, for petitioner's year 2000 income tax.

Because petitioner did not timely request a hearing for 1997, 1998, and 1999, respondent granted petitioner an equivalent hearing for those years. Petitioner did not cooperate in scheduling or participating in an equivalent hearing. Respondent issued a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter) for civil penalties[2] for years 1997, 1998, and 1999, and the same type of letter, but relating to income taxes, for 1997 and 1998, both letters being dated October 23, 2003. Petitioner did not include in the record a notice of determination or equivalent hearing letter, and respondent's administrative file contains neither a notice of determination nor an equivalent hearing letter, concerning income taxes for 1999. Respondent

_____

[2]The decision letters in the record do not indicate the types of penalties covered, and explanations were not attached thereto. We recognize that this Court lacks jurisdiction with respect to frivolous return penalties. See Van Es v. Commissioner, 115 T.C. 324, 329 (2000). However, ascertaining the substance of the penalties is not necessary, since other requirements for our jurisdiction are lacking for each tax year. See discussion infra.

issued a decision letter regarding 1996 income taxes on March 31, 2005.

Petitioner filed suit in the U.S. District Court for the District of New Mexico on November 21, 2003, challenging lien and levy determinations with respect to income taxes and civil penalties for 1997, 1998, and 1999 and income tax for 2000. Petitioner failed to serve the defendant (the United States), and, after petitioner failed to comply with an order to show cause, the District Court dismissed his case on November 17, 2004. Petitioner then filed his petition challenging lien and levy determinations for the aforementioned years and 2001. The petition was mailed on December 16, 2004, 29 days after the date of dismissal of the District Court complaint, and was filed on December 27, 2004.

## Discussion

### 2000 Tax Year

Section 6330 provides for notice of intent to levy on property before the IRS may proceed with collection. A taxpayer then has the opportunity for an administrative hearing regarding the proposed collection action, after which a determination is made and a notice of determination is issued. Section 6330(d)(1) (as applicable to this case, see supra note 1) provides that within 30 days from the date of the determination, a taxpayer may seek judicial review by either the Tax Court or a "district court of the United States", depending upon which court has

jurisdiction over the underlying tax liability. This Court's jurisdiction pursuant to section 6330(d)(1), therefore, depends upon a notice of determination, a timely request for review, and jurisdiction over the underlying tax liability. See Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

The flush language of section 6330(d)(1) provides that "If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court." (Emphasis added.) In the case before us, no court has made such a determination. The District Court, sua sponte, dismissed without prejudice petitioner's complaint because of petitioner's failure to serve the defendant. This was not a "court [determination] that the appeal was to an incorrect court". The consequence is that petitioner's appeal to this Court was made far beyond the expiration of the 30-day period provided for in section 6330(d)(1) and is therefore untimely by a wide margin, since the petition was not mailed until December 16, 2004. The 30-day period for timely filing a petition with this Court began on October 23, 2003, the date of the year 2000 determination letter, and expired on November 24, 2003. Since the petition was untimely, we lack jurisdiction to consider petitioner's appeal. This is true notwithstanding the fact that the petition was mailed within 30 days from the date of the District Court's order

dismissing petitioner's complaint for failure to respond to that court's order to show cause "why this matter should not be dismissed for lack of prosecution."

The dismissal of the complaint by the District Court cannot be construed as a "determination" by the District Court, and petitioner's attempt to treat it as such is not the type of "reasonable mistake" by an unskilled litigant that was excused in FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269 (1991) (where the Supreme Court ruled that a notice of appeal filed after a nonfinal decision operated as a notice of appeal from the subsequent judgment).  See also Andre v. Commissioner, 127 T.C. 68, 72-73 (2006); Render v. IRS, 309 F. Supp. 2d 938 (E.D. Mich. 2004).

Since the District Court has not made an "incorrect court" determination, the petition to this Court is untimely and we accordingly lack jurisdiction for 2000.

2001 Tax Year

Respondent has not issued a notice of determination for the taxable year 2001.  Petitioner had a deficiency case before this Court at docket No. 17276-04 with respect to the taxable years 2001 and 2002, wherein a stipulated decision was entered on November 14, 2006.  Consequently, the petition as it relates to 2001 is premature.  The Court does not have jurisdiction as to collection activity for 2001.

1999 Tax Year

Petitioner has not shown, and respondent has not found documentation in his files showing, that any collection has been instituted for income taxes for 1999. Petitioner presented only a decision letter regarding civil penalties for 1999. First, as noted earlier, to the extent frivolous return penalties are at issue, we lack subject matter jurisdiction. See Van Es v. Commissioner, 115 T.C. 324 (2000). Second, we are faced only with a decision letter, not the requisite notice of determination. We will grant respondent's motion to dismiss with respect to 1999 because of lack of jurisdiction for that year.

1997-98 Tax Years

We hold dismissal proper for 1997 and 1998 because neither the notice of determination nor the timely petition requirements were satisfied. Petitioner presented only decision letters concerning income taxes and civil penalties for 1997 and 1998. We briefly address petitioner's argument that he was given a hearing for years 1997, 1998, and 1999, pointing to correspondence from an Appeals officer indicating that those years were the subject of a hearing. We recognize the possibility of Tax Court review where only decision letters were issued despite the taxpayer's being entitled to a hearing and a notice of determination. See Craig v. Commissioner, 119 T.C. 252 (2002). However, even if we were to reach the conclusion that notices of determination for the years 1997, 1998, and 1999 should have been issued in this case, petitioner failed to timely

petition this Court for the same reason we elaborated on for the 2000 tax year. The decision letters were dated October 23, 2003, the petition was mailed on December 16, 2004, and subsequently filed on December 27, 2004, and the additional 30-day filing period is not appropriate. We will grant respondent's motion to dismiss for 1997 and 1998.

<u>1996 Tax Year</u>

Petitioner also includes the 1996 tax year in his petition, challenging lien/levy determinations. Petitioner has offered only a March 31, 2005, decision letter, not a notice of determination. Accordingly, we will grant respondent's motion to dismiss for the 1996 tax year.

To reflect the foregoing,

<u>An appropriate order and order of dismissal will be entered granting respondent's motion to dismiss for lack of jurisdiction</u>.