SEMYYA LANISE CUNNINGHAM, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cunningham v. Comm'r
Docket No. 14090-16 L.
United States Tax Court
2017 U.S. Tax Ct. LEXIS 45; March 3, 2017, Decided
For Semyya Lanise Cunningham, Primary Petitioner: Carlton Malben Smith *45 , New York, NY; Temple Keith Fogg, Legal Services Center, Jamaica Plain, MA.
For Commissioner of Internal Revenue, Respondent: Deborah Aloof, Washington, DC.
L. Paige Marvel, Chief United States District Judge.
L. Paige Marvel
ORDER
On November 4, 2016, respondent filed in the above-docketed matter a Motion To Dismiss for Lack of Jurisdiction, on the ground that the petition in this case was not timely filed within the statutory period prescribed by section 6330(d) or 7502 of the Internal Revenue Code (I.R.C.). Respondent attached to the motion copies of a postmarked certified mail list and U.S. Postal Service tracking information, as evidence of the fact that a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Internal Revenue Code for the taxable years 2010, 2011, 2013, and 2014 was sent to petitioner by certified mail on May 16, 2016. The petition herein had been filed with the Court on June 20, 2016, having been received by the Court in an envelope that bore a U.S. Postal Service postmark dated June 16, 2016, and had been sent by certified mail.
In a case seeking review of a determination under section 6320 or 6330, I.R.C., the jurisdiction of the Court depends, in part, on the timely filing *46 of a petition by the taxpayer. Rule 330(b), Tax Court Rules of Practice and Procedure; Weber v. Comm'r, 122 T.C. 258 (2004); McCune v. Commissioner, 115 T.C. 114 (2000). In this regard, section 6330(d)(1), I.R.C., specifically provides that the petition must be filed with the Tax Court within 30 days of the determination. The Court has no authority to extend this 30-day period. Weber v. Commissioner, 122 T.C. at 263; McCune v. Commissioner, 115 T.C. at 117-118. However, if the conditions of section 7502, I.R.C., are satisfied, a petition which is timely mailed may be treated as having been timely filed. In the present case, the time for filing a petition with this Court expired on Wednesday, June 15, 2016.
On December 2, 2016, petitioner filed a notice objection to respondent's motion. Therein, petitioner took the position that the petition was timely filed under sections 6330(d) and 7502, I.R.C., proffering a novel construction of the statutory language. At that juncture, upon review of the existing record and the submissions by the parties, the Court by Order of Dismissal for Lack of Jurisdiction entered December 7, 2016, granted respondent's motion, explaining the governing law at some length, and dismissed this proceeding
On December 31, 2016, petitioner responded by filing a Motion To Vacate or Revise Pursuant to Rule 162, and respondent rejoined on January 30, 2017, with a notice of objection.
The disposition of a motion under Rule 162 of the Tax Court Rules of Practice and Procedure to vacate or revise a decision rests within *47 the Court's discretion, and such motions generally will not be granted absent a showing of unusual circumstances or substantial error, e.g., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or other reason justifying relief. See, e.g., Rule 1(a), Tax Court Rules of Practice and Procedure; Fed. R. Civ. P. 60(b); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978); Brewer v. Commissioner, T.C. Memo 2005-10; Kun v. Commissioner, T.C. Memo 2004-273; Lowry v. Commissioner, T.C. Memo 2004-10; Estate of Miller v. Commissioner, T.C. Memo. 1994-25.
Here, petitioner contends that the 30-day period in section 6330(d)(1), I.R.C., for filing a petition for review of a notice of determination concerning collection action is not jurisdictional and is subject to equitable tolling. Recently in Guralnik v Commissioner, 146 T.C. 230, 233 (2016), the Court considered whether the 30-day period under section 6330(d)(1) in which to file a petition for review of a notice of determination arising under section 6320 and/or 6330, I.R.C., is jurisdictional and is subject to equitable tolling. The taxpayer in Guralnik argued that, although the Court had previously held that section 6330(d)(1), I.R.C., was jurisdictional, recent developments in jurisprudence required the Court to reconsider its previous holding. Id. However, the taxpayer's argument was rejected, and the Court held that the 30-day period under section 6330(d)(1), I.R.C., is jurisdictional and is not subject to equitable tolling.
Petitioner's arguments are substantially similar to the taxpayer's arguments inGuralnik For the reasons articulated therein, the Court is not *48 inclined to overrule the existing jurisprudence. Accordingly, the Court is unable to conclude that any unusual circumstances or substantial error warrants granting petitioner's motion.
Premises considered, it is
ORDERED that petitioner's Motion To Vacate or Revise Pursuant to Rule 162 is denied.
(Signed) L. Paige Marvel
Chief Judge
Dated: Washington, D.C.
March 3, 2017